## Francis v. Big Sandy Company.

(Decided September 27, 1916.)

### Appeal from Pike Circuit Court.

1. Deeds—Restraint of Alienation.—A provision in a deed of gift from father to son that the vendee shall not convey the property to any person other than the father's bodily heirs for the term of twenty years, is a reasonable restriction upon alienation.
2. Deeds—Restraint of Alienation.—A conveyance made in violation of such restriction is merely voidable and not void.
3. Deeds—Restraint of Alienation—Waiver—Forfeiture.—The joining by the father with the son in the deed violating the restraint upon alienation waived the right of the father or his heirs to exact the forfeiture.
4. Deeds—Restraint of Alienation—Forfeiture.—Such forfeitures may not be exacted after the expiration of the restrictive period.

STRATTON & STEPHENSON for appellant.

J. J. MOORE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

In October, 1886, John Francis and his wife conveyed to appellant, Mark H. Francis, their son, by deed of gift, a tract of land in Pike county.

The deed purports to convey to him a fee-simple title in all respects, but there is in it the following restriction upon his right of alienation:

"It being understood and agreed that the party of the second part shall not trade the same to any other person outside of the party of the first part's bodily heirs, for the term of twenty years."

Notwithstanding this provision, in August, 1887, and within the twenty-year period during which he was prohibited from conveying, he sold and conveyed certain mineral rights and privileges in the land to one other than a bodily heir of his father. In that conveyance his

father, who had imposed the restriction upon his right of alienation in the former deed, joined with him and the appellant warranted the title to the property so conveyed.

In January, 1914, several years after the expiration of the period during which appellant had been restricted in his right of alienation, he brought this action to recover from the appellee, the present holder, the mineral rights conveyed by him and his father in the tract of land in 1887, upon the theory that his attempted conveyance was void because of such restriction.

The lower court sustained a demurrer to his petition, and he prosecutes this appeal.

Reasonable restrictions upon alienation have been consistently upheld in the courts of this State, and we entertain no doubt that under the liberal rules frequently laid down the restriction in question is a reasonable one.

But there is left for our consideration three other questions:

First: Whether a conveyance made in violation of such restriction is void or merely voidable?

Second: Did the action of the father, who had imposed the restriction, by joining in the subsequent deed with his son, waive the right of himself and his heirs to exact the forfeiture?

Third: Could the forfeiture be exacted after the expiration of the restrictive period?

Each of the three questions stated have recently been carefully and exhaustively considered and passed upon by this court in a case the essential features of which, so far as these questions are concerned, are strikingly similar to the one at bar.

In Kentland Coal & Coke Company v. Keen, 168 Ky. 836, this court held that a deed made in violation of such restriction upon alienation was not void, but merely voidable, and expressly overruled two opinions of this court holding to the contrary; in the same case it was held that in the absence of an express limitation over on condition broken in a conveyance imposing a restriction upon alienation, the right to proceed for forfeiture is in the grantor or in his heirs at law; and it necessarily follows from this that if the grantor has the right to exact such a forfeiture and joins in a conveyance wherein there is a breach of the condition which he him-

self has imposed, he has waived the right to exact the forfeiture caused by the breach.

It was likewise held in that case that such a forfeiture could not be exacted by anyone except within the period of restriction.

That case is conclusive of this, and in view of that authority we have deemed it unnecessary to consider the question of estoppel raised.

The judgment is affirmed.