## Price v. Virginia Iron, Coal & Coke Company, et al.

(Decided October 17, 1916.)

### Appeal from Pike Circuit Court.

1. Pleading—Action to Recover Real Estate—Presumption.—Where, in an action to recover land acquired by the plaintiff under a deed prohibiting a trade thereof to any one except the bodily heirs of the grantor for a period of twenty years, the petition alleges that the plaintiff during that time did not convey to the bodily heirs of the grantor and that the defendants do not hold or claim title under any one to whom plaintiff had the right to convey, it will be presumed that the plaintiff conveyed the land during the prohibited period to another than the bodily heirs of the grantor, and that the defendants acquired title thereto from the grantee.

2. Perpetuities—Restraint on Alienation—Validity.—A provision in a deed that the grantee shall not trade the land to any person other than the bodily heirs of the grantor for a term of twenty years, is a valid restraint on alienation.

3. Deeds—Restraint on Alienation—Remedy for Violation.—A deed, on breach of its condition subsequent against alienation, is, in the absence of limitation over, only voidable and not void.

4. Deeds—Restraint on Alienation—Violation—Right to Complain—Time to Complain.—Breach of a condition subsequent in a deed against alienation can, in the absence of a limitation over, be taken advantage of only by the grantor or his heirs, who must proceed during the prohibited period. If no such action be taken by the grantor or his heirs within that time, the deed made in violation of the condition becomes absolute.

STRATTON & STEPHENSON for appellant.

AUXIER, HARMAN & FRANCIS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this suit by Charity Price to recover of the defendants, Virginia Iron, Coal & Coke Company and G. W. Burris, the coal and other minerals underlying a certain tract of land in Pike County, a demurrer was sus-

tained to the petition as amended and the petition dismissed. Plaintiff appeals.

It appears from the petition that on October 9th, 1886, John Francis and wife conveyed to their daughter, Charity Chester, now Charity Price, a tract of land lying on the left hand fork of the Brushy Fork of Johns Creek in Pike County. The deed contains the following provision: " . . . . ., it being understood and agreed that the party of the second part shall not trade the land to any other person than the bodily heirs of the party of the second part for a term of twenty years,". etc. The petition and amended petition allege in substance that the defendants do not hold or claim title to said land as vendees of the parties to whom the plaintiff had the right to sell and convey the property, and that plaintiff never at any time sold the property to the bodily heirs of her grantors, as required by the deed in question.

Since the petition is to be construed most strongly against the plaintiff, it will be presumed, in view of the above allegations, that she did convey the property during the prohibited time to persons other than the bodily heirs of her original grantors and that the defendants acquired title through such grantees. Assuming this to be true, the question is, is she entitled to recover the property of the defendants? We have recently had occasion to examine the question of restraints on alienation like that contained in the deed in question, and without restating the reasons for so holding, the ruling of the court may be summed up as follows: The restraint imposed by the deed is reasonable, and, therefore, valid. There being no limitation over, a deed made in violation of the condition is not void, but voidable, and the breach may be taken advantage of only by the grantor or his heirs, who must proceed within the prohibited period. If no action be taken by the grantor or his heirs during the prohibited period, the deed made in violation of the condition becomes absolute. Kentland Coal & Coke Company, et al., v. Keen, et al., 168 Ky. 836, 183 S. W. 247; M. H. Francis v. Big Sandy Company, 171 Ky. 209. Since the suit in this action was not brought by the original grantor or his heirs within the prohibited period, but was brought by the original grantee several years after the prohibited period had elapsed, it follows that the deed is absolute and no recovery can be had.

Judgment affirmed.