## Speckman, et al. v. Meyer, et al.

(Decided April 20, 1920.)

## Appeal from Campbell Circuit Court.

1. Perpetuities—Restraint on Alienation—What Is Not.—Where a testator gave to his son the fee, subject to the life estate of his mother, coupled with the provision that the son should not sell or dispose of the estate for fifteen years after the death of his mother, the restriction was reasonable and valid.

2. Wills—Construction of the Words "Sell or Dispose."—Where a testator gave to his son the fee in real property, subject to the life estate of his mother, and to the condition that after the death of his mother he should have "no power, however, to sell or dispose of any part thereof until* fifteen years" thereafter, this restriction did not prevent the son during the fifteen years from disposing of the estate by will, and if he had died intestate it would have passed under the statute to his heirs at law.

3. Wills—Construction of the Word "Sell."—If a testator simply prohibits the sale of the devised property during a specified time, this prohibition would not deny the devisee the right to dispose of it by will.

4. Wills—Construction of—Intention of Testator.—In construing the meaning of the words "sell or dispose," the intention of the testator in using them will control, and where it appears that he only intended to prevent the devisee from depriving himself during the restricted period of the use and enjoyment of the property, by sale or disposition of it, the devisee might within that period dispose of the estate by will, and upon his death, within the period, his devisee would take the estate.

GEORGE VEITH and JOHN M. LASSING for appellants.

JOHN WILLIAM HEUVER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

In 1892, the last will of F. H. Speckman was probated in the Campbell county court. In clause 3, of his will, he gave to his son, William Speckman, $650.00; to his son, Charles Speckman, $500.00; to his wife, Henrietta Speckman, "all of my estate, real and personal, not here-

inbefore disposed of, to be used and enjoyed by her during her natural life, and hereby also vest her with full power to sell and convey any part of said estate deemed advisable by her for the benefit of herself and children.''

Clause 5 reads as follows: ''In addition to the bequest to my son, William Speckman, in section 3, above, I hereby give and devise to him, the said William, the following lots upon which houses are built, situated in the Bellevue addition to the city of Newport, on the east side of Dayton street, between Seventh street and Eighth street, and known and designated on the established plan of said addition as numbers two hundred and thirty-nine (239) and two hundred and forty-one (241) subject, however, to the following limitations and conditions, to-wit: The said William is to take possession of said property in the section described at the death of my wife, and not prior thereto. After the death of my wife, William can take possession and use and enjoy the rents and profits; with no power, however, to sell or dispose of any part thereof until fifteen years have elapsed at which last named period the perfect title of the said estate becomes absolute and fee simple in William.''

The widow, Henrietta Speckman, to whom the testator gave for life, with a limited power of disposition, the property devised to his son, William, in clause 5, died in January, 1904, without having sold or otherwise disposed of any of the property mentioned in this clause. After her death, William Speckman took possession of the property and continued in the possession thereof until his death in March, 1918.

Shortly before his death, William Speckman made a will in which he devised to the children of his wife by a former husband the property devised to him by his father in clause 5, and soon after his death his brothers filed this suit against the devisees of William Speckman, setting up that upon his death they became the owners of the property devised to him. They asserted ownership to the property upon the ground that as he died within fifteen years after the death of his mother, the life tenant, he had no power, under the will of F. H. Speckman, to sell, or dispose of by will any part of the property given to him in clause 5; and, therefore, upon his death this property fell into their ownership as the heirs of F. H. Speckman or William Speckman. It is not made clear which one they claim under, nor is it material.

The lower court was of the opinion that while William Speckman, under the will of F. H. Speckman, could not within the fifteen years "sell or dispose" of the property through the instrumentality of a conveyance of any kind, yet he might within that time dispose of it by will; and having done so, the devisees under his will, and not his brothers were entitled to the estate. Accordingly, the petition was dismissed and this appeal prosecuted.

The argument is made by counsel for the devisees of William Speckman that the attempted restraint upon the right of alienation for fifteen years after the death of the life tenant, the mother, was unreasonable and void, because it was not for a definite time or for a certain number of years or for or during the life of another, and was an attempt to tack on a definite number of years after the expiration of an indefinite or uncertain term.

We do not, however, find any difficulty in determining that the prohibition upon the power of William Speckman to alienate the property within fifteen years was reasonable. Stewart v. Brady, 3 Bush, 624; Stewart v. Barrow, 7 Bush, 368; Morton's Gdn. v. Morton, 120 Ky. 251; Kentland Coal & Coke Company v. Keen, 168 Ky. 836.

This restriction, however, did not affect or defeat the title to the property which was lodged in the devisee by the first part of clause 5, which "gave and devised to him, the said William, the following lots." The restriction was not intended to divest the devisee of the fee, but only to prohibit the sale or disposal of the property devised to him during the period named. It is true he did not take any present estate in possession in this property until after the death of the widow of the testator, who might have sold and conveyed the same if she had deemed it advisable for the benefit of herself and children, but when it came into his possession after her death, he yet had the fee subject only to the condition that he could not sell or dispose of the property until after the expiration of fifteen years.

Passing the question as to the validity of the restraint, and conceding that the prohibition against his power to "sell or dispose" deprived him of the right to convey by deed or other like instrument any part of this estate during the fifteen years, it is contended, and was so held by the lower court, that although William Speckman could not sell or convey during the fifteen years by

deed or other like instrument, he could dispose of it within that time by a last will.

Whether he could or not turns on the meaning and effect that should be given to the words "sell or dispose" in the will of F. H. Speckman. In arriving at the meaning of these words, we should and will be controlled by their common usage, because they have no technical meaning, are in general use in the every day affairs of life and are to be found in many instruments dealing with the sale and disposition of property, both real and personal. If the testator had simply prohibited the sale of the property during the fifteen years by William Speckman, there would be little trouble in determining that he merely meant to deny him the right to part with the title by selling it, but not the right to dispose of it by will.

But the testator did not stop with prohibiting the sale; he also forbade the disposal of it by him, and the word "dispose," although often used as synonymous with the word "sell," has in some cases been given a larger meaning, although we have not found any authority that has construed it in the connection here used as forbidding a disposition by will.

The sense, however, in which it is employed is usually to be gathered from the context and the purpose of its use and its meaning may be restricted or enlarged to carry out the intention of the parties; accordingly, a prohibition upon the power to "sell or dispose" of, might mean that the property should not be sold or mortgaged, or exchanged, or encumbered in any way, while a grant of the right to "sell or dispose" of might confer authority not only to sell, but to trade, exchange or mortgage.

Illustrative cases are: Phelps v. Harris, 101 U. S. 24, Law Ed. 855; Commonwealth v. Davis, 12 Bush 241; U. S. F. & G. Company v. McGinnis, 147 Ky. 781; Mansfield v. District Agr. Asso., 154 Cal. 145; Pacific Export Company v. North Pacific Lumber Company, 46 Oregon, 194; Rutledge v. Crampton, 150 Ala. 275; Woodbridge v. Jones, 183 Mass. 549; Benz v. Fabian, 54 N. J. Eq. 615. See also Webster's Dictionary, and Bouvier's Law Dictionary.

Not having in this case the aid of any extrinsic circumstances that might help us in getting at the intention of the testator in imposing this restriction, we must of necessity look to the will itself and endeavor to find from

it whether the testator intended merely to prevent the. devisee from selling or otherwise disposing of the estate in such way as might take from him its use and enjoyment during the restricted period, if he should live to the end of it; or also intended to prevent him from disposing of it during that time by will that would not take effect until his death.

Taking the will as our guide, we think the intention of the testator was only to safeguard or protect his son from any ill advised sale or other disposal of this property durng this fifteen years that might deprive him within this time of its use and enjoyment. The restriction was imposed, as we think, solely for the protection and benefit of William Speckman. The testator was not concerned in the disposition he might make of it to take effect upon his death, whenever that might happen; he had given to him the fee, but for reasons best known to himself thought it advisable to restrain him during fifteen years from depriving hmself, through accident, design, or misfortune, of the use, income and profits that might be derived from the estate.

Clearly, if William Speckman had died intestate during this fifteen years, the estate would have passed under the statute of descent and distribution, because, as we have said, he had the fee, subject only to the restriction. A further circumstance illustrating that the father was only interested in the welfare of his son, is the fact that he did not make any disposition of the property in the event he died within the fifteen years.

Upon the whole, we think the lower court correctly construed the clause in question, and the judgment appealed from is affirmed.