## Pond Creek Coal Company v. Day, et al.

(Decided April 30, 1920.)

### Appeal from Pike Circuit Court.

1.   Appeal and Error—When Court Will Not Remand Equity Case.— This court will not remand an equity case to enable parties to take proof upon an issue directly involved and essential to the

right of recovery or defense, when the one upon whom the burden rested to establish such issue declined and failed to introduce any proof whatever, although in some special cases, in which peculiar equitable grounds exist, there may be a direction for further preparation.

2. Judgment—Correction and Review.—A judgment will not be corrected after the expiration of the term at which it was rendered, either upon motion or petition, for a mistake or oversight, unless such mistake or oversight is shown by the record to exist. The manifestation of such mistake or oversight by evidence aliunde the record is not permissible in the absence of fraud.

3. Action—Splitting Causes of Action—Parties.—Parties are not permitted to split their cause of action or defense, and when the parties are the same, or in privity, a second suit may not be maintained upon a cause which existed at the time of a former one between the same parties or their privies involving the same subject-matter.

4. Vendor and Purchaser—Forfeiture—Restriction Contained in Deed. —The right to insist upon a forfeiture because of a conveyance by the vendee in violation of a restriction contained in his deed forbidding such conveyance during the lifetime of the vendor is possessed only by the vendor and ceases at his death, unless otherwise barred, before then, and no such proceeding can be maintained by his assignee after his death.

AUXIER, HARMAN & FRANCIS for appellant.

J. J. MOORE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On August 12, 1884, Asa Runyon and wife executed a deed to their son, Jacob Runyon, and his wife, to a tract of land in Pike county, Kentucky, containing about four hundred acres, but described in the deed as containing about three hundred and fifty acres. The deed contained this clause: "The party second is bound to not sell said land during said Asa H. Runyon's life time without his consent, party of the second part."

On May 18, 1889, Jacob Runyon and wife conveyed to Arthur Bright, trustee, all of the coal and mineral under one hundred and eighty-five acres of the above tract, being that portion lying east of a certain branch running through it. On the same day they executed another deed to Bright as trustee, conveying to him the mineral under one hundred and ninety-five and one-half acres lying west of the branch, thus leaving about twenty acres along the branch in which no mineral rights were conveyed. Asa Runyon learned of the sale of the min-

eral rights by his son, contrary to the restriction in the deed to him, about one year after the sales were made, but he took no steps to assert his rights until April 25, 1912, when he brought suit in the Pike circuit court against the Pond Creek Coal Company, who had become the owner of the mineral rights attempted to be conveyed by Jacob Runyon and wife through intervening conveyances from Bright, trustee, and in his petition he alleged that he was the owner of and entitled to the possession of the mineral under the entire tract conveyed by him to his son, and alleged that the latter, in violation of the restrictions in his deed, had conveyed the minerals (on the east side of the branch) under one hundred and eighty-five acres of the land, and that such deed constituted a cloud upon plaintiff's title, and that the defendant was claiming to be the owner of the minerals under the land described in that deed. The prayer in the petition asked for a cancellation of the deed from Jacob Runyon and wife to Bright, trustee, conveying the minerals under the one hundred and eighty-five acres as a cloud on plaintiff's title. That suit will hereafter be referred to as the Runyon case.

Various defenses were made by the defendant therein, Pond Creek Coal Company, among which was a plea of limitations, but all of the defenses were disallowed, and a judgment was rendered in which the land conveyed by Asa Runyon and wife to Jacob Runyon and wife was described in a general way, and the plaintiff was then adjudged this relief:

"The court is further of the opinion that the deed from Jacob Runyon and Sally Runyon to Arthur D. Bright, trustee, which deed bears date the 8th day of May, 1889, and now of record in the Pike county court clerk's office, in deed book 'U,' page, 497, was executed by said Runyon and wife without the consent of the grantor, Asa H. Runyon, and that the same did not pass title to the said Arthur D. Bright, trustee, and it is therefore adjudged by the court that the said deed, in so far as it conveys the coal and minerals and other privileges in and under said land is hereby cancelled and held for naught."

The Pond Creek Coal Company prosecuted an appeal to this court, and the judgment was affirmed in an opinion reported in 161 Ky. 64. Since that opinion was rendered this court, in the case of Kentland Coal Com-

pany v. Keen, 168 Ky. 836, overruled that opinion in so far as it held a conveyance in violation of such restriction was void and not voidable. The doctrine of the latter case was followed with approval in the subsequent cases of Francis v. Big Sandy Co., 171 Ky. 209, and Price v. Virginia Iron, Coal & Coke Co., idem. 523. No question of limitation was involved in the Keen case, and the court had no occasion to review the soundness of the opinion in the Runyon case upon that question, and we do not now express an opinion upon that subject, since it is likewise not presented by this appeal.

On December 21, 1917, the present suit was brought by appellees, P. W. Day and Fon Rogers, against the Pond Creek Coal Company and other individual defendants, alleging in their petition that plaintiffs were the owners and entitled to the possession of five-sevenths undivided interest in all of the minerals under the entire tract conveyed by Asa Runyon and wife to their son, Jacob Runyon and wife, and that the other individual defendants were the owners of the other two-sevenths undivided interest in such minerals. They further alleged that the Pond Creek Coal Company was claiming to own the minerals under the one hundred and ninety-five and one-half acres lying west of the branch running through the Asa Runyon tract as a remote vendee through the second deed above mentioned from Jacob Runyon and wife to Bright, trustee. Reference was also made in the petition to the suit of Asa Runyon v. Pond Creek Coal Company, the entire record of which was filed as an exhibit, and then follows this allegation:

"Plaintiffs state that by inadvertence or mistake on the part of the draftsman of said judgment that the same only refers to deed from Jacob Runyon and Sally Runyon to Arthur D. Bright, trustee, of date May 8, 1889, and of record in deed book 'U,' at page 497, when in truth and in fact the court adjudged that each of said deeds be canceled and held for naught that were so executed to Arthur D. Bright, trustee, but by mistake of the draftsman the same was not inserted in the judgment, but that in fact the lands described in said judgment embraced the entire Asa H. Runyon tract and all of the property embraced within each of said deeds to the said Bright, trustee, and it was the intention of the court to and the court did in fact cancel each of said deeds."

The petition closed with a prayer that plaintiffs and the individual defendants be adjudged the owners of the undivided interest in the mineral under the entire Asa Runyon tract, as set out in the petition, and that the judgment in the Runyon case be corrected so as to cancel both of the deeds executed by Jacob Runyon and wife to Bright, trustee, instead of only one of them. The deed of Jacob Runyon and wife to Bright, trustee, conveying the minerals under the one hundred and eighty-five acres is recorded in deed book "U," page 497, in the Pike county court clerk's office, and the deed conveying the minerals under the one hundred ninety-five and one-half acres is recorded in the same book, page 517.

The answer of the defendant, Pond Creek Coal Company, denied that the plaintiffs owned or were entitled to the possession of any interest in the minerals under the one hundred and ninety-five and one-half acre tract, but admitted that they were entitled to their alleged interest in the minerals under the one hundred and eighty-five acre tract. It denied any mistake in the rendition of the judgment in the Runyon case and pleaded that judgment in bar of plaintiffs' right to the relief sought.

Upon submission of the case the court adjudged that plaintiffs and the individual defendants were the owners of all minerals in the entire Asa Runyon tract in the proportions alleged in the petition, and that appellant's right to any of said minerals was involved and adjudged in the Runyon case, and ordered and directed a cancellation of the deed recorded in deed book "U," page 517, and to reverse that judgment the appellant prosecutes this appeal.

It is first urged for a reversal that plaintiff's title to the minerals under the one hundred and ninety-five and one-half acre tract (which is the only matter involved in this suit) was denied by the answer, and they failed to introduce any evidence on that issue, and for this reason, alone, the judgment should be reversed. With this contention we are compelled to agree. There is absolutely no testimony of any character in the entire record showing any title in plaintiffs, or any of the individual defendants, to the minerals involved. Counsel for appellees seek to avoid this failure of proof by saying:

"The court will observe that each of the parties to this litigation rested their case upon the theory that the only issue involved was the validity of the deed of record in book 'U,' page 517, and should the court be of the opinion that the denial of ownership is such as to require the introduction of title papers, and should this necessitate a reversal, we then ask the court not to preclude appellants, or either party, from doing this upon a return of the case to the lower court."

It may be true that in the preparation of the case the appellant sought to establish its right to the minerals involved by contending that the deed to the one hundred and ninety-five and one-half acres was not involved in the Runyon case, and it might likewise be true that appellees contented themselves with the contention that such deed was involved, and was in fact cancelled, but by mistake or oversight it was not included in the judgment, but these respective contentions would not relieve appellees from establishing their right to maintain the suit when their title, which is the basis of their right, was expressly denied. Appellant did not waive its right to insist upon such denial by contending that the deed involved in this suit was not involved in the Runyon case. The fact that it was not so involved, if true, was but an additional defense to its denial of plaintiff's title.

We are not inclined to remand the case for further preparation. The very foundation of the suit was the appellee's alleged title or interest in the subject matter involved. To remand this case for further preparation would pave the way for like practice in all equity cases where there was a total or a partial failure of proof upon a contested issue, and which would result in a paralysis of that wholesome rule of public policy, that "there should be an end to litigation." Litigants are entitle to their day in court, but not to more than one if they have had a fair chance to be heard. It may be true that in some cases, where the testimony is so obscure that it would be manifestly inequitable and unjust as well as impossible to undertake to adjudicate the rights of the parties, further preparation will be ordered upon a return of the case, but before such a practice is authorized, there must exist some equitable ground therefor, which is wholly lacking in this case.

We are furthermore convinced that the judgment in the Runyon case is a bar to this suit. The only relief sought in that case was the cancellation of the deed by Jacob Runyon and wife, recorded in deed book "U," page 497, conveying the minerals under the one hundred and eighty-five acre tract. It is true that plaintiff in that suit alleged ownership to the minerals under the entire tract, but he had the right to waive any cause of action which he might have had because of any conveyance made by his son in violation of the restrictions contained in his deed of August 12, 1884. If he saw proper, because of consent given or for other reasons, to proceed for the cancellation of only one of two or more deeds made by his son, he had a perfect right to do so, since he was the only one, under the doctrine of the Keen case, *supra*, who had the right to proceed for any violation of the restrictions contained in his deed. It might be, for aught that appears, that he was willing and had given his consent for his son to convey the minerals under the one hundred and ninety-five and one-half acres, but unwilling for him to convey the minerals under the one hundred and eighty-five acres. But, if otherwise, it was his duty to include in his suit all of the causes of action existing between himself and the Pond Creek Coal Company affecting his title to the mineral under the entire tract. Dils v. Justice, 137 Ky. 822.

Nor is this a case calling for the correction of the judgment because of a mistake or oversight. Such a right is in the nature of one for relief because of a clerical misprision, the grounds for which must be shown by the record. There is nothing in the record of the Runyon case to show any oversight or mistake of the court in rendering its judgment therein, since nowhere in that record is the deed to the one hundred and ninety-five and one-half acres mentioned, and the facts showing the mistake, if any, are attempted to be established by evidence *aliunde* the record, which is not permissible in the absence of fraud.

However, if this suit could be treated as an original one to cancel the deed omitted from the petition and the judgment in the Runyon case, then the plaintiffs would be in no better attitude, unless, perhaps, the suit had been brought before the death of Asa Runyon, which occurred before the filing of this suit, at which time his right to insist upon the violation of the restrictions in

his deed ceased, and the deed by his son became absolute and immune from attack by any assignee of Asa Runyon after the latter's death since he could not by assignment prolong the right to forfeit beyond his life.

We therefore conclude that the judgment should be, and it is, reversed, with directions to dismiss the petition.