# Turner v. Lewis.

(Decided December 10, 1920.)

## Appeal from Harlan Circuit Court.

1. Deeds—Condition Subsequent.—A clause in a deed preventing the alienation of real property during the lifetime of the grantor creates a condition subsequent and as such is valid.

2. Deeds—Termination of Estate.—Where, notwithstanding a provision in a deed that the property is not to be conveyed during the lifetime of the grantor, the grantee undertakes to convey same, after which the grantor not only takes possession of the land but cultivates it and otherwise exercises the right of ownership over it, and then conveys the boundary to another, these acts sufficiently manifest an election on his part to terminate the estate.

J. T. BOWLING for appellant.

J. G. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

David Turner and wife for the recited consideration of $85.00 conveyed to their son Robert a tract of land in Harlan county; the acreage is not stated. The deed stipulates that the grantee is not to sell or rent the land during his father's lifetime, a breach of this provision to render the deed null and void.

Several years later Robert Turner conveyed the property to his wife, the present appellant, who was plaintiff below. In the petition it is alleged that defendant is setting up a claim to a part of the boundary embraced in the deed to Robert Turner, adverse and hostile to plaintiff's right and title, and she seeks to have her title quieted.

Defendant is asserting title under a conveyance dated January 13, 1916, from the original grantors, to-wit: David Turner and wife, but to a part only of the land described in the petition.

We have not been favored with a brief from either side, but from the record we find it is the plaintiff's contention that the description of the first deed covers the tract conveyed to defendant, while defendant contends that his boundary is not so included. It is impossible to reconcile the testimony on this point. Witnesses on the one side testify that the first deed embraces the tract

in dispute, while the other set of witnesses are just as positive it was not included.

This difference of opinion has to do solely with the location of the Patterson (Patason) line, and the proper interpretation of the next to the last call, which is shown by italics in the description which follows, to-wit:

"Beginning on the bank of Greasy fork water of Middle fork on a cedar tree and a sycamore tree; thence running a straight line up Gabes ridge with the top of the pint on the lore side of the hollow to the Patason line; thence running eastwardly with the Patason line to the pint on the uper side of the hollow; *thence down the pint strait line to the river;* thence down to the river to the beginning."

It is not difficult to see how learned men might differ as to the exact location of these lines; a straight line from the ridge in the Patterson line to the river might cover a radius of a mile or more.

The lower court dismissed the petition and adjudged defendant (appellee) the owner of and entitled to the possession of the land in dispute.

The clause in the deed preventing the alienation of the property during the lifetime of the grantor created a condition subsequent, a condition generally speaking not favored in the law. However, this court has upheld the validity of partial restraints upon alienation and said that such restraints may be imposed for a reasonable period, for instance, during the lifetime of the grantor. Lawson v. Lightfoot, 27 Rep. 217, 84 S. W. 739.

In Kentland Coal & Coke Co. v. Keen, 168 Ky. 836, 183 S. W. 243, L. R. A. 1916D, 924, will be found a very exhaustive review of the authorities on this proposition. That case involved the construction of a deed containing a clause similar to the one found in the present record and such restriction was held to be valid. It was further held that in the absence of a limitation over after a condition broken the grantor in the deed, or his heirs, are the only ones who could take advantage of the breach. The facts of the present case are even stronger, for not only is David Turner, the grantor, still living, but the deed to Robert Turner expressly provides that an attempted disposition of the property during the grantor's lifetime shall render the deed null and void, a clause not found in the deed construed in the Keen case, *supra.*

The Keen case is cited with approval in Francis v. Big Sandy Co., 171 Ky. 209, 188 S. W. 345; Price v. Va. I. C. & C. Co., etc., 171 Ky. 523, 188 S. W. 658.

Upon the breach or non-performance of such a condition in the absence of a limitation over the title conveyed is not void but only voidable at the instance of the grantor or his heirs, who must take advantage of the condition and repossess himself of the estate by some act manifesting an intention to terminate the estate. 18 C. J. 381.

The authorities are not agreed as to whether an actual entry is necessary to defeat an estate when such a condition has been broken. Here, however, we have an actual entry as David Turner used and cultivated the land in dispute and claimed it as his own for a number of years. Such facts, together with his further act in conveying the property to Robert Lewis, was such an effective and positive manifestation of an election on his part to terminate the estate to the extent of the boundary in question as to remove all doubt as to his intention. It follows, therefore, that plaintiff failed to show herself entitled to so much of the land as was embraced in the deed from David Turner and wife to Robert Lewis, and the lower court having so found that judgment must be and is affirmed.