## Hale, et al. v. Elkhorn Coal Corporation, et al.

(Decided January 16, 1925.)

## Appeal from Floyd Circuit Court.

1. Deeds—Restriction on Alienation Held Condition Subsequent Rather than Covenant.—Restriction in parents' deed prohibiting daughter from selling land without parents' consent during their lifetime held a condition subsequent rather than a covenant.

2. Deeds—Intention of Parties Controls in Ascertaining whether Restriction Against Alienation Constitutes Condition Subsequent or Covenant.—In ascertaining whether restriction against alienation constitutes condition subsequent or covenant, intention of parties is controlling.

3. Deeds—Restriction Against Alienation Prima Facie a Condition Attached to Title while Restriction on Use is Presumed Covenant Running with Land.—A restriction on right of alienation is prima facie a condition attached to title, while a restriction on use is presumed a covenant running with land.

4. Deeds—Grantee's Violation of Condition Subsequent Rendered Deed Voidable and Not Void.—Grantee's violation of restriction against alienation, constituting condition subsequent, rendered deed to her voidable, and deed is valid until avoided by grantor or his heirs.

5. Deeds—Grantor Must Avoid Deed for Grantee's Violation of Condition Subsequent Within a Reasonable Time.—Grantor must avoid deed for grantee's violation of restriction against alienation, constituting condition subsequent within reasonable time.

6. Cancellation of Instruments—Grantor, who Recognized Validity of Deed Over 16 Years After Grantee's Violation of Condition Subsequent, could Not Annul Title of Grantee's Successor.—Grantor, who recognized validity of deed for more than 16 years after grantee's violation of restriction on alienation constituting condition subsequent, could not in equity and good conscience annul title of grantee's successor acquired upon the face of the record as it appeared when successor acquired title, especially without making its predecessors in title subsequent to grantee, parties to the action.

7. Deeds—Grantor by Repurchase of Property from Grantee Recognized Validity of Deed Notwithstanding Violation of Condition Subsequent.—Grantor, by repurchasing land from grantee, recognized validity of his deed to grantee, notwithstanding her violation of condition subsequent therein.

8. Cancellation of Instruments—Grantor's Allegations that he had Declared Forfeiture Held Rendered Ineffective by Allegations Showing Validity of Deed.—In grantor's action to annul deed for violation of condition subsequent, allegations that he declared forfeiture immediately after violation of such condition, held ren-

dered ineffective by subsequent allegations that he repurchased land from grantee, showing recognition of validity of deed.

C. B. WHEELER and JNO. N. HAMILTON for appellants.

. E. W. PENDLETON, O'REAR, FOWLER & WALLACE and J. WOODFORD HOWARD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Prior to June 28, 1902, Ben Hale owned the fee in the tract of land here involved. On that date he and his former wife conveyed same to their daughter, Josie Shepherd, for the stated consideration of $200.00 and love and affection.

The deed conveys the fee, but without covenant of warranty, and subject to the limitations thus stated in the habendum clause:

"The said party of the second part to have and to hold said land to her and her heirs forever; but the parties of the first part retain the right to use and cultivate any part or all of said land as long as they or either of them may live; but when they are not cultivating it the party of the second part may use and control it as she pleases, but she is not to sell or dispose of said land, or any part of it, as long as the parties of the first part or either of them live, without their consent."

On January 2nd, 1904, Josie Shepherd and her husband conveyed the minerals in the land, together with customary mining privileges, to W. S. Harkins. This deed was promptly recorded, and the appellee Elkhorn Coal Corporation is now the owner, through several mesne conveyances, of the interest conveyed to Harkins, if his deed is valid.

By their several pleadings in this action filed August 5th, 1920, Ben Hale, his present wife Josie Hale, and their infant son, Ben F. Hale, each seeks to have annulled or declared void all the deeds through which the Elkhorn Coal Corporation claims title to the minerals, and also an adjudication of their respective interests in the land as the result of more recent conveyances by Mrs. Shepherd to Hale, and by him to his wife and infant son. Demurrers of the appellee coal corporation having been sustained to their several pleadings, and the action and cross-action against it dismissed, they have appealed.

It is conceded by their pleadings that the coal corporation has title to the minerals if Mrs. Shepherd's deed therefor to Harkins is valid, but they insist that the above restriction upon alienation in the deed to her is a condition subsequent, with the result that her deed to Harkins is either void or voidable, and that in either event the lower court erred in sustaining the demurrers to the petition and cross-petition.

For appellee it is urged that the above restriction in the deed to Mrs. Shepherd is not a condition but a covenant, and that, even if mistaken in this contention, her deed to Harkins was voidable only and that in any event the demurrers were properly sustained.

That the restriction referred to is a condition subsequent rather than a covenant is clearly established by an unbroken line of decisions from this court, the more recent of which, wherein practically all former ones are cited, are Kentland Coal & Coke Co. v. Keen, 168 Ky. 836, 183 S. W. 247, L. R. A. 1916D, p. 924; Turner v. Lewis, 189 Ky. 838, 226 S. W. 367; Price v. Virginia Iron, Coal & Coke Co., 171 Ky. 524, 188 S. W. 658; Brock v. Conkwright, 179 Ky. 555, 200 S. W. 962; Francis v. Big Sandy Co., 171 Ky. 210, 188 S. W. 345; Pond Creek Coal Co. v. Day, 187 Ky. 823, 220 S. W. 1053; Speckman v. Meyer, 187 Ky. 689, 220 S. W. 529; Ramey v. Ramey, 195 Ky. 677, 243 S. W. 934.

In support of their contrary contention, counsel for appellee rely upon Board of Councilmen v. Capitol Hotel Co., 188 Ky. 754, 224 S. W. 197, and cases therein cited, but there is an essential difference between these two distinct lines of cases, based upon whether the restriction, as here, is upon the power of sale, or, as there, is upon the use to which the property is to be devoted, which renders the cases of one class inapplicable in the other except as to general rules of construction.

The effort in both instances is of course to ascertain the intention of the parties, since it is always recognized as controlling, and the distinction that runs through all these cases is, that a restriction upon the right of alienation is treated as *prima facie* a condition attached to the title, whereas a restriction upon use is considered as presumably a covenant running with the land. In our judgment this distinction is sound, but whatever its merit, it has been too long and consistently observed by this court to admit of departure therefrom, and, applying it here, we must hold that this restriction upon the power of

alienation is a condition subsequent, and not a covenant merely, since there is nothing in the above clause or else where in the deed to overcome the presumption that such was the intention of the parties.

It is equally well settled by the above cases that the deed executed by Mrs. Shepherd to Harkins, although a violation of this condition, rendered the deed to her voidable and not void, and that it is valid until avoided by the grantor or his heirs, and unless this is done within a reasonable time. Convinced that appellants, by their pleadings affirmatively established the fact that Ben Hale not only did not declare a forfeiture of the deed to Mrs. Shepherd within a reasonable time because of the viola· tion by her of the restriction upon her right of alienation, but recognized it as valid for more than 16 years thereafter and until the filing of this action, we are clearly of the opinion that he is not now in equity and good conscience entitled, as is the attempt here, to annul appellant's title acquired upon the faith of the record as it appeared when it acquired same, and especially without making its predecessors in title subsequent to Mrs. Shepherd parties to the action.

Plaintiffs aver that immediately after the execution of the deed by Mrs. Shepherd to Harkins, Ben Hale declared a forfeiture, and being in possession of the land under the reservation of the right to use and cultivate same in the deed to Mrs. Shepherd, he has held same adversely since that time. But it is also alleged that in 1907 he repurchased the land from Mrs. Shepherd for $1,718.00, of which $1,000.00 was paid to her in cash; that her husband not having joined with her in that deed, it was void, and that subsequently he brought an action against her and her husband to recover the $1,000.00 paid her for the land and to have a lien declared thereupon to secure same; that in that action a judgment was procured and the land sold in satisfaction of this lien, at which sale his present wife, Josie Hale, became the purchaser.

That this whole proceeding was a recognition of the validity of his deed to Mrs. Shepherd, notwithstanding her violation of the condition therein, cannot be questioned, and being wholly inconsistent with his allegation that he had declared a forfeiture immediately upon her conveyance of the minerals to Harkins, and thereafter held the land adversely to Harkins and his grantees, renders these allegations wholly ineffective.

Besides, as it is alleged that Ben Hale retained possession of the surface under the right so to do reserved in his deed to Mrs. Shepherd, he was at all times in possession of the minerals for Mrs. Shepherd and her grantees unless and until he brought home to them notice of the fact that his possession of the minerals was no longer amicable, and there is no allegation of any such notice to Mrs. Shepherd, or the appellee, or any of the intervening owners of the minerals.

Judgment affirmed.