## Cooper, et al. v. Knuckles, et al.

(Decided January 29, 1926.)

### Appeal from Bell Circuit Court.

1. Perpetuities—Partial Restriction on Alienation for 20 Years Not Void, but Voidable.—A partial restriction upon alienation of land for a period of 20 years is not void under Ky. Stats., section 2360, but is voidable at the option of the person imposing the restriction, or after his death by his heirs.

2. Perpetuties—Restriction on Alienation Held Reasonable so that Interest Acquired Under Mortgage Executed During Restricted Period was Subject to Forfeiture.—A restriction upon the alienation of devised land for 20 years after testator's death, allowing only a sale among the heirs, held reasonable under Ky. Stats., section 2360, so that the interest acquired by plaintiff's deceased (who was not an heir), under foreclosure of mortgage executed by some of the heirs during the restricted period, was subject to forfeiture by the heirs as a breach of the restriction, where deceased had actual and constructive knowledge of the restriction.

3. Judgment—Ruling of Court Upon Demurrer is Not a Final Order.—Ruling of court upon demurrer is not a final order, for no appeal may be taken from such order, unless a final judgment is also entered.

4. Judgment—Ruling of Court on Demurrer, if Tantamount to Construction of Will, was Not Binding, where Not Followed by Final Appealable Judgment.—A ruling of court on a demurrer, if tantamount to a construction of a will, obviously was not a binding construction, where the ruling was not followed by a final judgment from which an appeal could have been taken.

5. Fraudulent Conveyances—That Conveyance of Tenants to Their Cotenants of Land Against which Restriction Upon Alienation was Imposed was Fraudulent and Void Held of no Avail to Parties Claiming Under Voidable Deed.—That conveyance of tenants to their cotenants of land against which restriction upon alienation was imposed was fraudulent and void held unavailing to plaintiff claiming fractional, undivided interest under deed voidable at suit of cotenants because in violation of restriction.

JAMES H. JEFFERIES for appellant.

N. R. PATTERSON and MARTIN T. KELLY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In 1910 W. R. Knuckles was the owner of a large tract of land in Bell county consisting of 1,659 acres. In August of that year he executed his will by which he de-

vised that tract of land to his four living sons, G. M. Knuckles, John B. Knuckles, W. L. Knuckles and M. F. Knuckles, each a one-fifth undivided interest, and the remaining one-fifth to the three children of his deceased son T. J. Knuckles, and supplemented his devise to them with the following restriction:

"But not any of my land is to be sold unless to the heirs as above named until after twenty years from the date of my death, but in such event that is to say any of the five heirs gets a deed from all the other heirs to my Mud Lick land then that heir may sell same separate and apart from my other lands to whom he may desire then all the remainder of my other lands, may be sold by any heir that gets a deed from all the other heirs to the remainder of my other lands, just in the same way as provided for the sale of the Mud Lick lands."

In September, 1910, W. R. Knuckles died, and his will was thereafter probated.

In 1912 G. M. and John B. Knuckles, two of decedent's sons to whom he had devised a one-fifth undivided interest each in the 1,659 acre tract, entered into a partnership with Reynolds and Caskey, which partnership was known as the Eastern Kentucky Stave & Lumber Company. In August, 1912, that partnership entered into a written contract with J. S. Cooper, by the terms of which it undertook to get out and deliver to him a very large number of staves, and under the terms of that contract Cooper advanced to the partnership $9,000.00 in cash to enable it to comply with its contract.

In January, 1913, Reynolds and Caskey, two of the partners, conveyed by way of mortgage to secure this $9,000.00 debt certain lands and appurtenances in Boyle county, Kentucky, and about the same time G. M. and John B. Knuckles executed to Cooper a conveyance by way of mortgage to their two-fifths undivided interest in and to the 1,659 acres of land in Bell county to further secure him in the advancement of the $9,000.00, the mortgage of Reynolds and Caskey being a separate instrument from that of the two Knuckles.

The money not having been repaid to Cooper, in 1915 he instituted two equitable actions in the Boyle circuit court, in one of which he sought to foreclose not only his mortgage held on the property of Reynolds and Caskey, but the one held against the two-fifths undivided interest

of the two Knuckles in Bell county. In those actions he was given a judgment against each of the members of the partnership for something less than $10,000.00, and in addition his mortgage lien was enforced against both the Boyle county and the Bell county properties. The master commissioner sold under order of the court both of these mortgaged tracts, and at the sale of the Bell county property Cooper himself became the purchaser at the price of $6,250.00. That sale was confirmed by an order of the Boyle circuit court, and a deed thereafter, under its orders, made to Cooper for a two-fifths undivided interest in and to the Bell county lands.

None· of the other heirs or devisees of W. R. Knuckles, except G. M. and John B., who executed the mortgage. were parties to the Boyle county action.

This is an equitable action filed in 1920 by Cooper against M. F. and W. L. Knuckles and the three children of T. J. Knuckles, deceased, wherein the plaintiff alleges he is the owner of a two-fifths undivided interest in the Bell county tract, and that the two named sons of W. R. Knuckles made defendants are each owners of a one-fifth undivided interest therein, and that the three defendants who are the children of T. J. Knuckles, deceased, are the owners of the other one-fifth undivided interest. The plaintiff alleges title to his two-thirds undivided interest under a deed from the master commissioner of the Boyle circuit court; and that the lands described are chiefly wild, unimproved and unenclosed, rough mountain land, containing only a small amount of merchantable timber, and chiefly valuable for the deposits of coal lying in and under them, and that because of the character and physical conditions of the land and of the buried coal deposits therein the same cannot be divided equally or equitably between the owners so as to give to each of them his equal share and portion of the same, and that the same cannot be divided in specie without greatly impairing the value of the same and each share thereof, and that it was therefore necessary that the tract be sold as a whole for the purpose of dividing the proceeds among the joint owners.

M. F. and W. L. Knuckles filed their joint answer, they being two of the heirs at law of W. R. Knuckles, deceased, as well as two of his devisees to whom a one-fifth interest in the tract of land involved had been devised. Among other defenses set up by them was that they had each become the owner of the. two interests

claimed by Cooper prior to the time the mortgage alleged to have been made to him by their two brothers, was executed, and had at that time conveyances from their said brothers to them respectively for such two undivided interests therein, and which facts were known to Cooper at and before he accepted such mortgage.

They then set up and rely upon the provisions of their father's will and the restriction upon alienation therein contained, and assert that the mortgage was in contravention of such provisions, and say that therefore the plaintiff Cooper acquired no enforceable right in the lands by reason of his commissioner's deed in the action to enforce the mortgage. The chancellor below upheld the restriction. Cooper having died after judgment the action was revived, and this appeal is prosecuted by his widow, his personal and real representatives.

Clearly the two controlling questions in the case are, (1) whether the restriction upon alienation contained in the will of W. R. Knuckles is an enforceable one under the laws of this state; and (2) whether after his death the two answering defendants, who were his heirs at law, may enforce a forfeiture because of the breach of the condition in that restriction.

The courts of this state have been possibly more liberal in upholding such restraints than those of any other state; and this liberality has doubtless grown out of, in a large measure, the provisions of our statute having direct bearing upon such questions. Section 2360, Ky. Stats., provides:

"The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

Obviously the restriction in the will in question is not an absolute one, but is only for a definite period after the testator's death, and even during that period it is a partial restriction only, for he expressly authorizes his named devisees to sell and convey their several interests to each other, even during the twenty years. It was doubtless in the mind of the testator that this remote tract of mountain coal lands within the twenty year period after his death would very greatly increase in value; and having that view it was his purpose to require his devisees, or some one or more of them, to be the

owners of that tract of land which he expected to increase in value, at the expiration of the restricted period, and it was clearly with this provident view in mind that he imposed the restriction.

The will of W. R. Knuckles was on record long before Cooper accepted this mortgage, and not only did he have constructive notice, but he had actual notice of its provisions.

Such a restriction is not, as claimed by appellees, absolutely void, but is merely voidable at the option of the person who imposed the restriction, or after his death by his heirs, and the forfeiture because of a violation must be enforced during the restricted period.

That the partial restriction in this case was a reasonable one under the rules of law in this state may be ascertained from two comparatively recent opinions of this court. Kentland Coal & Coke Company v. Keen, 168 Ky. 838, and Francis v. Big Sandy Company, 171 Ky. 209.

In the Keen case Harper Keen, the father of George Keen, conveyed to the latter in fee simple a tract of land, with the restriction that

> "Said George Keen is not to sell this land in my (Harper Keen's) lifetime."

This restriction was upheld as a valid one, the court after an extensive review of the authorities holding that it was a condition subsequent imposed by the grantor, and being effectual only for his (the grantor's) life was a valid one.

The question also arose in that case as to who might proceed for a forfeiture after the death of the grantor, and the court held that there being no limitation over or condition broken, the right to enforce the forfeiture because of the breach of the condition was in the heirs of the decedent; but that their right to proceed to enforce the forfeiture must be exercised during the restricted period, and in the absence of such action a deed made in violation of the condition became absolute, the deed being merely voidable and not void.

We have in this case the heirs of the testator going into court during the restricted period and asking for the forfeiture of a conveyance made in violation of the terms of the will. The Keen case, therefore, is direct authority on the question whether these two heirs of W. R. Knuckles may go into court and enforce this forfeiture.

Likewise, in the case of Francis v. Big Sandy Company, 171 Ky. 209, we have similar questions adjudicated. In that case John Francis conveyed to his son a tract of land in fee simple with the following restriction:

"It being understood and agreed that the party of the second part shall not trade the same to any other person outside of the party of the first part's bodily heirs, for the period of twenty years."

The restriction is that case was in all essential respects the same as in this, the only difference being that in one it was placed in a deed and in the other in a will. That restriction was upheld as a reasonable one, and the rule reiterated that the instrument violating the restriction was merely voidable and not void.

The review of the authorities in those two opinions, makes it unnecessary for us in this case to go into them at length. The questions in the two are so similar that no distinction can be drawn.

But it is said for appellants that because of the ruling of the Bell circuit court in an action long before instituted against G. M. and J. B. Knuckles by certain judgment creditors in which the appellees were all made nominal parties, that the doctrine of *stare decisis* applies and constitutes an estoppel to now claim a forfeiture under the will of W. R. Knuckles. That claim grows out of this state of fact, to wit, certain judgment creditors of G. M. and John B. Knuckles joined in an action against them and the other devisees of W. R. Knuckles, and sought a general attachment against the property of G. M. and John B. including the enforcement of an attachment against their two-fifths interest in the 1659 acre tract so devised to them. In that action G. M. and J. B. demurred to the plaintiff's petition stating in the demurrer that when the petition was read in connection with the will of W. R. Knuckles it did not state facts sufficient in law to constitute or support a cause of action against them in so far as it sought to subject their interests in that tract of land. The court overruled that demurrer, and neither the principal defendants in that action, G. M. and J. B. Knuckles, nor any of the other nominal defendants filed any answer therein. There was only a ruling upon the demurrer, and there never was in that action any final judgment, for the record shows that before answer filed or defense made, the action was dismissed

settled and the debts paid or compromised out of funds arising from other sources.

Obviously the action of a court upon a demurrer is not a final order, for no appeal may be taken from such order unless a final judgment is also entered. If the ruling of the court on the demurrer was tantamount to a construction of the will, obviously it was not a binding construction because it was not followed by a final judgment from which an appeal might have been taken.

Having seen that the restriction imposed by W. R. Knuckles in his will is a reasonable one, and that his heirs after his death may enforce a forfeiture because of a breach thereof, it becomes unimportant to pass upon the validity of the conveyances by which G. M. and John B. Knuckles conveyed their several interests to their brothers. If those two conveyances could be in this action declared fraudulent and void it could avail appellants nothing, for we have seen that they are claiming under a voidable deed which a chancellor has properly declared invalid at the instance of parties having a right to invoke that remedy.

This view likewise makes unimportant the question whether or not the Boyle circuit court had jurisdiction to enter the judgment of foreclosure against the Bell county land.

The chancellor's judgment is in accordance with these views, and it must be, and is affirmed.