# Howard's Administratrix v. Asher Coal Mining Company.

(Decided June 8, 1926.)

## Appeal from Bell Circuit Court.

1. Wills—Deed of Heir, in Violation of Restriction in Ancestor's Will that Land be Not Sold Until Testator's Child Became 21 Years Old, was Voidable but Not Void.—Deed of heir, in violation of restriction in ancestor's will providing that land be not sold until testator's youngest child became 21 years of age, was voidable, as the restriction was not unreasonable, but was not void.

2. Wills—Deed of Heir, in Violation of Restriction in Ancestor's Will that Land be Not Sold Until Designated Time, Gave Right of Action, if Any, Only to Other Heirs, where Land was Not Devised.—Deed of heir, in violation of restriction in ancestor's will providing that land should not be sold until testator's youngest child became 21 years of age, gave rise to cause of action, if any, in favor only of the other heirs where land was not devised, and not in favor of the grantor.

3. Wills—Action to Forfeit Deed of Heir Violating Restriction in Ancestor's Will Against Alienation Until Designated Time Could Only be Brought During Period of Restriction.—Action to forfeit deed of heirs, made in violation of restriction in ancestor's will providing that land of testator should not be sold until his youngest child became 21 years of age, could not be brought after period of restriction expired.

4. Wills—Where Heir Executed Deed in Violation of Provision in Ancestor's Will Against Alienation Until Designated Time, Second Deed Executed After Expiration of Restriction Did Not Convey Title.—Where heir executed deed in violation of restriction in ancestor's will providing that land should not be sold until his youngest child became 21 years of age, a second deed, executed by heir after expiration of period of restriction, did not convey title, as first deed was voidable only, and only at instance of other heirs and only before expiration of period of restriction.

5. Estoppel—Deed of Heir of Present Interest in Land and of Interest Heir Might Thereafter Hold did Not Convey Interest Thereafter Inherited.—Deed of heir of present interest in land and of and interest heir might thereafter hold did not convey interest thereafter inherited, as deed attempted to convey an expectancy.

N. R. PATTERSON for appellant.

MARTIN T. KELLY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

James M. Howard died testate, survived by his widow, a second wife and six children the fruits of a former marriage. The seventh clause of his will is in these words: "My real estate is not to be sold or divided until my youngest child, America Howard, becomes 21 years of *ages*. At the time she reaches the age of 21 years it may be sold or disposed of as they wish."

There was no devise of the real estate though by other clauses of the will provision was made for his widow and children to live on the land during America's minority, and while his widow remained unmarried, with a further restriction against anyone else living thereon. Other clauses disposed of the personal estate.

On August 13, 1919, before America arrived at the age of twenty-one years and while all of the parties were living, Lillie Ann Parker, one of the children of James Howard, together with her husband, executed a deed to Carter Howard for this land, the interest conveyed being:

"There is granted and conveyed by this deed all right, title and interest of Lillie Ann Parker in and to the above described property, being the daughter and heir at law of James M. Howard, deceased, including any interest she may hereafter hold in said lands which is at this time an undivided interest."

Later the widow of James M. Howard and three of his infant children, including America, died, none of the children leaving issue. After their death, and on March 9, 1926, Lillie Ann and her husband made another conveyance of their interest in the same lands to the Asher Coal Mining Company.

Carter Howard is dead and this suit was filed by his administratrix against his heirs at law to settle his estate, setting up facts authorizing a sale of his lands and asserting his title to one-third of the land in question under the deed of August 13, 1919, from Lillie Ann Parker. The Asher Coal Mining Company was made a defendant and by its answer asserted that by virtue of the deed of March 9, 1926, it was the owner of a one-third interest in all the lands of James Howard, deceased. It also appears from its answer and the exhibits therewith filed that it has purchased the other two shares

in said property. The court was of the opinion that the restriction against alienation in the seventh clause of the will of James Howard, deceased, was controlling and that no title passed to Carter Howard by virtue of the Lillie Ann Parker deed of August 13, 1919, and adjudged the Asher Coal Mining Company to be the owner of the entire tract of land. The administratrix appeals.

It will be observed that in the will of James Howard there was no devise of his lands and that his heirs took by inheritance. It further clearly appears that his desire was to furnish a home for his infant children during their minority and for his widow so long as she remained a fit companion for them, and it may well be argued that the seventh clause of the will was not intended to restrict alienation upon the part of the individual heirs, but was intended to prohibit a sale of the lands in their entirety as well as to prevent their division or any interference with the use and occupancy thereof until America arrived at the age of 21 years. But if, without deciding that question, we assume that the provision quoted *supra* is to be construed as a restriction against alienation during America's minority, it does not follow that the deed from Lillie A. Parker to Carter Howard is invalid. This restriction was not unreasonable and a deed made in violation thereof while not void was voidable at the instance of the proper parties. Cooper v. Nuckols, 212 Ky. 608; Kentland Coal Company v. Keen, 168 Ky. 838; Frances v. Big Sandy Co., 171 Ky. 209. But under these opinions where such restriction is placed in a deed, in the absence of a limitation over, the cause of action arising from its violation is in the grantor or his heirs; and where such restriction is placed in a will, if there is a devise over in the event of its violation, the cause of action would be in such devisee, otherwise in the heirs of testator, but in no case has it been held that the one violating the restriction can maintain an action for forfeiture or to set aside his own deed. Here, there being no devise over, in fact there being no devise of the lands at all, the right of action, if any, existed in favor of the heirs at law of James Howard other than Lillie Ann Parker. It is also well settled that in order to obtain a forfeiture of a deed made in violation of such restriction the action must be brought during the period of restriction. Here that period was terminated by the death of America Howard without such action being brought in the mean-

time and thereafter it was too late to institute such action.

But it is argued that the second deed executed by Lillie Ann Paker after the death of America Howard was a repudiation of her first deed and an election to disaffirm it, and that thereby the Asher Coal Mining Company acquired a valid title to the interest she inherited from her father and from her brothers and sisters. If the first deed executed by her had been void there would be force in this argument; but we have seen that it was voidable only, and then at the instance of the other heirs, and that Lillie Ann Parker can not profit by her own wrong; and as she could not have maintained a suit to set aside the deed executed by her, certainly she cannot avoid it by executing another, and her vendee must stand in her shoes. It will also be noted that the attempted repudiation was manifested after the death of America and at a time when the period of restriction had expired and too late for action for forfeiture even by the other heirs.

It follows that as no action was instituted by the proper parties to avoid the deed to Carter Howard during the lifetime of America, at her death he acquired a valid title to the one-sixth interest she owned by inheritance from her father.

It is claimed by appellant, however, that the one-sixth interest which Lillie inherited from her brothers and sisters after the execution of the deed of August 13, 1919, also passed by that instrument under the phrase "including any interest which she might hereafter hold in said land which is at this time an undivided interest."

This argument is without force; the deed purported to convey Lillie's then interest in the land, together with such interest as she might afterward acquire. Clearly the latter phrase is an attempt to convey an expectancy and was void as to the inheritances from her deceased brothers and sisters. Spears v. Spau, 118 S. W. 275; Hall v. Hall, 153 Ky. 379; Burton v. Campbell, 176 Ky. 495; Consolidated Coal Co. v. Riddle, 198 Ky. 256; Spacy v. Close, 184 Ky. 523; Hunt v. Smith, 191 Ky. 443.

We conclude that under the deed in question the heirs of Carter Howard, deceased, are the owners of one-sixth of the land and the Asher Coal Mining Co. the owner of the other.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.