CASE 101.—ACTION BY JAMES A. JUSTICE AGAINST MRS
ANN DILS.—April 27, 1910.

# Dils v. Justice

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for plaintiff and defendant appeals.—
Reversed.

1. Adverse Possession—Extension—Color of Title.—Where, at
the time defendant's decedent entered certain lands, there
was no adverse possession by plaintiff, decedent having en-
tered under his deed, his possession extended to the entire
boundary included in the deed.
2. Witnesses—Transaction with Person Since Deceased.—
Where defendant's decedent purchased certain land in con-
troversy pursuant to a deed, and was in possession thereof up
to the time of his death, plaintiff could not testify for himself
as to any intrusion on decedent's possession, except as
authorized by Civ. Code Prac. section 606.
3. Action—Splitting Cause of Action—Recovery of Land.—The
rule against splitting a cause of action applies to actions to
recover land, so that a claimant of land cannot bring a suc-
cession of actions for different parts of a boundary of land
in controversy.
4. Judgment—Res Judicata—Actions Barred—Splitting Cause of
Action.—Where defendant's decedent, in possession of land
covered by his deed holding and using it as his own, sued for
and recovered land included in the deed in a prior action
against plaintiff, such judgment was a conclusive adjudica-
tion against plaintiff's right to recover other land within the
same body and covered by the same deed to decedent,
though not actually in controversy in the former suit.

N. J. AUXIER for appellant.

ROSCOE VANOVER and R. C. BURNS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

In the year 1861 William Adkins owned a large body of land in Pike county, and in the fall of that year John Dils brought a suit against Adkins for debt and took out an attachment which was levied on the land. In December, 1865, a judgment was rendered sustaining the attachment and directing a sale of the land. The land was sold in January, 1866, and was bought by Dils. Soon after this sale was made William Hampton and others brought a suit against Adkins and Dils to set aside the judgment on the ground that it had been suffered by Adkins with the view to insolvency and the preferring of Dils to his other creditors. This suit was not determined until the year 1879, when it was decided in favor of the plaintiffs, and the land was again sold, and was again bought by Dils. The sale was confirmed, and a deed made to him for the land. A writ of possession was issued, under which he was put in possession of the land by the sheriff. Shortly after this had been done in March, 1887, James A. Justice went upon the land and fastened a door to the house, placed some fodder in it, and put a few cattle upon the place to graze. Dils then broke the lock that Justice had placed upon the door and entered the house. Thereupon Justice instituted a proceeding for forcible entry against Dils. Justice won in the lower court, but on appeal to this court it was held that the jury should have been instructed peremptorily to find for Dils; the case being decided here on October 2, 1888. See Dils v. Justice, 9 S. W. 290, 10 Ky. Law Rep. 547. Thereafter Justice, on October 24, 1889, brought a suit in equity against

Dils, in which he alleged that he was the owner of the two tracts of land therein described, that the land was not included in the purchase made by Dils at the commissioner's sale, and that Dils had no title to it. He prayed judgment for the land and damages. Dils filed an answer, in which he traversed the allegations of the petition, set out at length his title, and pleaded an estoppel. Other pleadings were filed down to a surrejoinder. Proof was taken, and on the final submission of the case the court entered a judgment in favor of the defendant, Dils, on November 21, 1894. After that suit was decided, Justice did not list the land for taxation or set up any further claim to it. He had acquired title to it under a deed from R. M. Ferrell. Ferrell had died, and the executrix held three notes against him for the land. The executrix surrendered to him his notes, paid him back the money he had paid on the land, and says that she paid all the costs, or settled it with him, while he says that she did not pay all the costs. Dils and his devisees continued in possession of all the land he claimed, and twice cut the timber off of it, without any further dispute; Justice setting up no further claim to it. Dils died in August, 1895, and in June, 1907, this suit was brought by Justice against Dils' widow and son to recover for certain timber which they had cut off the land embraced in the deed from Ferrell to him. On the trial of the case before a jury, there was a verdict and judgment for the plaintiff, and the defendants appeal.

1. In the forcible entry case of Dils v. Justice, 9 S. W. 290, 10 Ky. Law Rep. 547, it was held by this court that, Dils having been put in possession by the sheriff and holding a portion of the land by his tenant, he was in possession of the whole of it on

March, 13, 1887, and for that reason Dils won in that case. The possession that was then adjudged to Dils has been unbroken since that time. When Dils entered there was no adverse possession by Justice, and, Dils having entered under his purchase, his possession extended to the entire boundary included in his deed. The possession which Dils had, as shown by the judgment of this court in the case referred to, extended to the whole tract, which he had purchased, and that possession, having been taken in 1887 and having continued to this time, is a complete bar to any recovery now by Justice. There is an entire want of proof of any possession by Justice at any time since Dils took possession that would break the continuous holding by Dils and those claiming under him. Under the evidence the court should have instructed the jury peremptorily to find for the defendant. If there had been evidence tending to show a possession by Justice sufficient to stop the running of the statute, the court should by his instructions have informed the jury what is such possession and defined the extent of Dils' possession. As Dils is dead, Justice cannot testify for himself as to any intrusion by him on Dils' possession, except as provided in section 606, Civ. Code Prac.

2. While the petition in the old suit described two boundaries of land which were there sued for, and these are not the boundaries sued for in this action, still Dils claimed the land under the same title in that suit as in this, and Justice claimed those two strips under the same title as he claims the strips now sued for. It was attempted to be shown there that Adkins had established a conditional line across the creek below any of the land in controversy, and if that contention had been sustained Dils would have lost in that suit. The rule against splitting a cause

of action applies equally to land suits as to the other cases. A claimant of land cannot bring a succession of actions for different parts of a boundary of land which is in controversy. In 23 Cyc. 1178, the rule is thus well stated: "An entire claim arising from a single tort cannot be divided and made the subject of several suits. A judgment upon the merits in respect to any part will be available as a bar in other actions arising from the same cause; the rule being that plaintiff must include in the one action all the various items or elements of his damage, and recover all the compensation he is entitled to for each and all of such items, including prospective damages in cases where the injury was single, complete, and not repeated. Thus for a single and complete trespass upon and injury to an entire tract of land several actions for damages cannot be maintained, but a recovery for the damage to a part of the land will bar a similar action as to another part." To same effect see Freeman on Judgments, section 241, and cases cited.

When the former suit was brought, Dils was in possession of the land covered by his deed, holding and using it as his own. His boundary included within it a body of land which R. M. Ferrell had shortly theretofore conveyed to Justice; and, while the deed to Justice covers several separate boundaries, they all lie together and constitute one body of land. When the former suit was brought, the right of action of Justice to recover from Dils the entire body of land had accrued, and was as perfect then as it has been at any time since. The fact that Dils and those claiming under him have continued to hold and use the land as their own has not changed the status. If Justice, after he was defeated in the former suit, can maintain this action, then in a case

like this the claimant of land can maintain an indefinite number of actions against the person in possession to recover different portions of one body of land claimed by him. Such a practice has been often condemned. The plaintiff can sue once; but he must then set up his whole cause of action. He cannot sue in successive actions for different parts of the same thing. The judgment in the former suit is conclusive here, although the strips of land there sued for are not the same as those now sued for.

Judgment reversed, and cause remanded for further proceedings consistent herewith.