## Siler v. Carpenter, Jr.

(Decided November 6, 1913).

### Appeal from Whitley Circuit Court.

Judgment—Merger and Bar of Causes of Actions—Issues necessarily Adjudicated in Former Action—Infancy—Deeds.—The judgment in an action involving a certain tract of land attempted to be conveyed by an infant, setting the deed aside upon the grounds of the grantor's infancy, is conclusive upon the issue of his infancy presented in a second action involving another tract of land attempted to be conveyed by said infant in the same deed.

STEPHENS & STEELY and K. D. PERKINS for appellant.

H. C. GILLIS, H. H. TYE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This controversy arises over the ownership of an interest in a tract of land. Ewell Lawson, in 1888, died intestate, the owner of a tract of land containing about 200 acres, in Whitley County, and leaving a widow, Nancy (who afterward married Calvin Pennington), and seven children. Three of the children, Mecca, Ellen and Alice, died within a few years of each other, all infants. It is conceded that Mecca's one-seventh inherited by her from her father descended to her surviving brothers and sisters; that the one-seventh inherited by Ellen from her father descended in like manner to her surviving brothers and sisters, while the one forty-second inherited by her from her sister, Mecca, went to her mother, Nancy Pennington; and that the one-seventh inherited by Alice from her father descended in like manner to her surviving brothers, four in number, Isham, Simeon, J. Mat and Hiram, and that the one forty-second inherited by her from her sister, Mecca, and the one thirty-fifth interest inherited by her from her sister, Ellen, descended to her mother, Nancy Pennington. So that after the death of the three sisters mentioned, each brother was the owner of an undivided interest of 97-420ths in the tract of land now in controversy, the remaining 32-420ths being owned by Nancy Pennington.

On December 27, 1898, J. Mat Lawson conveyed to one G. P. Lawson all the interest he then owned, and on October 19, 1899, Nancy Pennington conveyed to said G. P. Lawson, the interest which she had inherited from her daughters as above set forth. On Nov. 22, 1893, after the death of Mecca Lawson, Hiram Lawson conveyed to one Faulkner, and he to appellee, William Carpenter, the one-sixth interest he then owned; and on March 31, 1898, his sisters, Ellen and Alice, having died since the execution of the deed to Faulkner, Hiram conveyed to William Rose the 27-420ths inherited by him from his sisters, Alice and Ellen, and this interest was afterwards acquired by Carpenter. Appellant concedes the ownership of this 97-420ths to appellee.

It further appears that after the death of Ewell Lawson, one Hiram Lawson, an uncle of Ewell Lawson, conveyed to the widow and children of Ewell Lawson a tract of land adjoining the 200-acre tract now in controversy, which contained 86 1-4 acres. On November 16, 1900, G. P. Lawson and others instituted Equity Action No. 1671 in the Whitley Circuit Court, against William Carpenter and others, seeking a sale of this 86 1-4 acre

tract. Nancy Pennington seems to have been made originally a party plaintiff therein; whether by her consent or not does not appear. While that suit was pending, Simeon Lawson conveyed to G. P. Lawson his 97-420ths interest in the 200-acre tract in controversy in this action; and at this point the trouble commences.

Isham Lawson on January 19, 1903, while the aforesaid suit was still pending, conveyed to his brother, J. Mat Lawson, his interest in both the 86 1-4 acre tract then in controversy in that action, and the 200-acre tract now in controversy in this action. Isham Lawson died, while that action was pending, June 13, 1904, intestate and without issue. In the meantime, appellant herein, Margaret Siler had received from J. Mat Lawson a conveyance of the interest conveyed to him by Isham Lawson, and she in turn had conveyed same to her father, G. P. Lawson.

At the August term, 1905, of said court, the name of Nancy Pennington was stricken from the above-mentioned action as party plaintiff; and on Sept. 4, 1905, she filed in open court a petition to be made party defendant, making same a cross petition against J. Mat Lawson, Margaret Siler and Melt Siler, her husband, and alleging that Isham Lawson, at the time of the execution of the deed of January 19, 1903, to J. Mat Lawson, as well as at the time of his death, was an infant; that he died without issue; and that she thereupon inherited, and was, therefore, the owner of the interest in said land by said Isham Lawson attempted to be conveyed by said deed to J. Mat Lawson, and by the latter to Margaret Siler, and by her to G. P. Lawson.

On April 24, 1906, while that action was still pending, G. P. Lawson re-conveyed to Margaret Siler, all his interest in both tracts. That action was tried at a special term of the Whitley Circuit Court on February 17, 1909, by William H. Holt, special judge thereof; and in the judgment therein rendered, the court in part said:

"The court is of the opinion, and further finds that the weight of the evidence is to the effect that Isham Lawson was an infant at the time he attempted to convey his interest in the tract of land in question, to J. M. Lawson, under which plaintiff claims, and also at the time he re-acknowledged same, and at the time of his death on June 18, 1904. The court adjudges that upon the death of Isham Lawson, his undivided one-seventh interest in said tract of land descended to his mother,

the defendant, Nancy Pennington, and she is now the owner thereof. It appearing to the satisfaction of the court that the said Isham Lawson was an infant at the time each of the following deeds were executed, to-wit: Deed from Isham Lawson to J. Mat Lawson, dated the 19th day of January, 1903; deed from J. Mat Lawson to Margaret Siler, dated the 19th day of January, 1903; deed from Melt Siler and Margaret Siler to G. P. Lawson dated April 28, 1904—it is now, therefore, adjudged by the court that each of said deeds be and the same is hereby cancelled and set aside in so far as they attempt to convey any interest of said Isham Lawson in the tract of land in controversy herein. It is further adjudged by the court that the defendant, William Carpenter, recover of plaintiff, G. P. Lawson, his costs herein expended; and that cross-plaintiff, Nancy Pennington, recover of cross-defendants, J. Mat Lawson, Melt Siler and Margaret Siler, her costs upon her cross-petition expended.''

This judgment was not appealed from, and remains in full force.

In respect to the 200-acre tract now in controversy in this action, by virtue of the foregoing transactions and the conveyance from her father, G. P. Lawson, to her, appellant, Margaret Siler, became the owner of a 97-420ths interest originally owned by J. Mat Lawson; of a 97-420ths interest originally owned by Simeon Lawson; and of a 32-420ths interest originally owned by Nancy Pennington, by inheritance from her daughters, making in all 226-420ths.

Appellee, William Carpenter, had acquired and was the owner of the 97-420ths interest originally owned by Hiram Lawson; leaving only the 97-420ths originally owned by Isham Lawson, the subject of disputed ownership.

On November 2, 1910, appellant, Margaret Siler, instituted an action in equity, in the Whitley Circuit Circuit Court, against appellee, William Carpenter, charging that she was the owner of the whole of the 200-acre tract of land heretofore mentioned, and that the appellee was setting up claim to an undivided interest therein, and praying that her title thereto be quieted.

Appellee filed answer, admitting appellant's title only to the extent of 129-420ths, and asserting title in himself to 271-420ths, of which he claimed 97-420ths originally owned by Hiram Lawson; 97-420ths originally

owned by J. Mat Lawson; 20-420ths which he claimed by virtue of a deed from J. Mat Lawson of date September 16, 1910, being J. Mat Lawson's inheritance from Isham Lawson. He also claimed ownership of 20-420ths by virtue of a deed from Simeon Lawson, of date September 9, 1910, conveying Simeon's inheritance from Isham; and also claimed ownership of 37-420ths by virtue of a deed from Nancy Pennington, of date Nov. 30, 1910, conveying her inheritance from Isham Lawson.

The remaining 20-420ths of the interest originally owned by Isham, he alleged to be the property of the heirs of Hiram Lawson. He further pleaded the infancy of Isham Lawson at the time of the execution of the deed of January 19, 1903, to J. Mat Lawson, and at the date of his death; that Simeon and J. Mat Lawson and Nancy Pennington, as was their right, had by the execution of the aforesaid deeds to the defendant, disaffirmed the said deed of Jan. 19. 1903; he further plead the judgment in Action No. 1671, heretofore mentioned, as an estoppel, and conclusive upon the issue as to the infancy of Isham Lawson at the time of the aforesaid conveyance, as well as at the date of his death; and prayed that said deeds be cancelled and set aside in so far as they attempted to convey any interest of Isham Lawson in the tract in controversy in this action.

In her reply, plaintiff alleged that on April 18, 1905, Simeon, J. Mat and Hiram Lawson, had each conveyed to G. P. Lawson, her vendor, all their interest in the said land, owned either by inheritance or otherwise; and that by virtue thereof, she became the owner of the 20-420ths inherited by each of the three brothers, if Isham Lawson was on said dates an infant, which she denied.

In rejoinder, defendant denied the execution of the said deed of April 18, 1905; and alleged that same was not filed for record in the office of the clerk of the Whitley County Court until May 1, 1911; that at the time he took the conveyances from Simeon Lawson, J. Mat Lawson and Nancy Pennington, he had no notice of said deed of April 18, 1905; that he was an innocent purchaser without notice, for valuable consideration, of the interest of both Simeon Lawson and J. Mat Lawson; and that said deed of April 18, 1905, in so far as it attempted to convey the interests of said Simeon and J. Mat Lawson, was invalid and ineffective.

Plaintiff, by sur-rejoinder denied this, and denied being summoned in the former action, known as No. 1671; and, therefore, that the judgment therein was binding or conclusive as to her claims in the present action.

Upon these issues, proof was taken, and the cause was submitted; and the court below cancelled the deed of Isham Lawson to J. Mat Lawson, dated January 19, 1903, and the deed of J. Mat Lawson to Margaret Siler of same date, and the deed of Margaret Siler to G. P. Lawson, of date April 28, 1904, and the deed of G. P. Lawson to Margaret Siler, of date April 24, 1906, in so far as they or any of them attempt or purport to convey any interest in the land in controversy; and the court further found that appellee, Carpenter, was an innocent purchaser without notice of the 20-420ths from Simeon and the 20-420ths from J. Mat Lawson; and adjudged him to be the owner of same together with the 37-420ths acquired from Nancy Pennington by deed of Nov. 30, 1910, as well as the 97-420ths originally owned by Hiram Lawson, making in all 174-420ths, adjudged to be the property of appellee. The court adjudged appellant to be the owner of the 97-420ths originally owned by Simeon Lawson, of the 97-420ths originally owned by J. Mat Lawson, of the 32-420ths inherited by Nancy Pennington from her daughters, and of the 20-420ths inherited by Hiram from Isham Lawson, the latter by virtue of the deed of April 18, 1905, making in all 246-420ths.

There was also a claim upon the part of appellee against appellant for rents or profits, and value of timber taken off the lands in controversy; and upon that issue the court adjudged appellee not entitled to anything.. From this judgment, appellant appeals, and appellee prosecutes a cross appeal.

As to the execution of the deed of April 18, 1905, from Simeon, Hiram and J. Mat Lawson to G. P. Lawson, attempting to convey their interests inherited from Isham, it is rather singular that though it was executed during the pendency of the former action, and nearly four years prior to the rendition of the judgment therein, yet it does not seem to have been brought to the notice of appellee by filing or referring to it in that case; nor was it lodged for record until after appellee's answer in the present case was filed. Yet, the evidence respecting its execution is practically uncontradicted. .

Upon the issue as to the notice had by appellee of that deed, at the time he took the conveyance from J. Mat Lawson on September 9, 1910, and the conveyance from Simeon Lawson on September 16, 1910, the evidence is somewhat conflicting. The chancellor has found, however, that in respect to these deeds appellee, Carpenter, was a purchaser in good faith for valuable consideration; and the evidence is sufficient to authorize this finding, and it will not be disturbed.

The sole remaining question relative to title is: Did the lower court properly cancel and set aside the deeds cancelled by the former judgment, in so far as they attempted to convey any interest of Isham Lawson in the tract of land in controversy in this action? If the former judgment is conclusive upon the issue of the infancy of Isham Lawson in this action, then the court's action in that respect was manifestly proper. A consent order was entered permitting either party to read as evidence herein the papers and orders in the former case, and it was agreed that when so read the same should become a part of the record herein. It appears, however, that all the papers in that suit were destroyed by fire after this consent order was entered, and no steps were taken by either party to supply same, or to re-take the depositions of the witnesses used in that case. Each party in the preparation of this action seems to have relied on the evidence taken in the former action to sustain his claim as to the age of Isham Lawson, and failed to take proof at length on that issue in this case. But one witness speaks on that subject and he says that Isham was an infant at the time said deed was made, and as this statement stands uncontradicted, it is sufficient to sustain the judgment of the chancellor on this question. The judgment on this issue should be upheld on another ground relied on by appellee. Defendant proved the contents of the cross petition filed in the former action by Nancy Pennington, by the attorney who drafted it, he having preserved an office copy of same; and this cross petition shows that the parties to that suit and the one at bar are identical.

Defendant also offered and read the judgment in the former action, part of which is set forth above; and it clearly shows the issues in said former action.

It is said in 23 Cyc., 1169, that,

"Although two distinct pieces or kinds of property or two separate claims or rights may be involved, in the

two suits, yet if the ground of recovery or relief in respect to them, or the right or title set up in respect to them is identical or founded on the same claim or source of title, and *constitutes the basis of the adjudication* in the one action, the judgment will operate as an estoppel in the other.''

It was held in Watson v. Richardson, 110 Iowa, 698, 80 N. W., 416, 80 Am. St. Rep., 331, that where in the former action, involving the title to real estate, the issue was whether the plaintiff therein might inherit as sole heir of the decedent, the former adjudication upon that issue was binding in a second action between the same parties, involving the decedent's personal property.

In Dils v. Justice, 137 Ky., 822, 127 S. W., 472, there was a plea of *res adjudicata*. The action was one involving the ownership of certain lands. In a former action between the same parties, other land, claimed under the same title was involved, both parties claiming in the second action under the same title as in the first. This court held that the judgment in the former suit was conclusive in the latter, although the land in dispute was not the same.

In Russell v. Place, 94 U. S., 606, 24 L. Ed., 214, the Supreme Court of the United States said:

''It is undoubtedly the settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. * * * To render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be concluded was *necessarily tried or determined,* that is: that the verdict in the suit could not have been rendered without deciding the matter.''

The claim of appellant to the ownership of the 97-420ths originally owned by Isham Lawson in the land in controversy herein rests upon the deed of January 19, 1903, from Isham Lawson to J. Mat Lawson, which deed attempted to convey not only Isham Lawson's interest in this 200 acres now in controversy, but also his interest in the 86 1-4 acres then in controversy. In that action, Nancy Pennington plead the infancy of Isham Lawson at the time of the execution of said deed as well as on the date of his death, and on that branch of that case, the issue was the age of Isham Lawson on said dates. And in adjudging the cancellation of the deeds therein mentioned, there was *necessarily tried*

*and determined* the issue as to the age of Isham Lawson.
Without an adjudication of the fact of his infancy on
the dates mentioned, the judgment of cancellation could
not have been rendered; and that judgment therefore
is conclusive in this action upon the issue as to the in-
fancy of Isham Lawson on the dates mentioned. It fol-
lows, therefore, that the deed of Isham Lawson, executed
on January 19, 1903, was voidable; and the chancellor
properly cancelled it and the successive conveyances
thereon based, in so far as they attempted or purported
to convey any interest of Isham Lawson in the tract of
land now in controversy in this action.

Appellant complains that summons on the cross pe-
tition of Nancy Pennington in the former action was not
served upon her. At the date of the rendition of the
judgment in that action, appellant seems to have been
the real plaintiff in interest, G. P. Lawson, her father,
having conveyed to her his interest in the lands in con-
troversy therein and herein, some three years prior
thereto. In addition, the judgment itself recites ser-
vice thereof; and where the record affirmatively shows
the fact of service of process, it cannot be contradicted
in this manner. The Code of Practice prescribes the
time and manner in which a judgment may be vacated;
it has not been followed in this case, and in the absence
of averment of fraud and evidence in support of such
charge, if the same be denied, the record, showing as it
does in this instance the service of summons on appel-
pant, imports absolute verity. Stevenson v. Flournoy,
89 Ky., 561.

Appellant also complains of the action of the court
below in adjudging to appellee the ownership of the
37-420ths conveyed by Nancy Pennington to appellee on
Nov. 30, 1910, for the reason that the alleged husband
of Nancy Pennington did not join in said deed. But
this action of the court is not prejudicial to appellant;
for if that deed be void, it can avail appellant nothing,
for that interest would in that event still be the prop-
erty of Nancy Pennington, and she is not complaining,
and appellant cannot complain for her.

Appellee's attorney, in his brief has devoted but a
few lines to the consideration of the cross appeal, and
we shall do likewise. The proof shows that improve-
ments placed upon the land by appellant apparently
equal the value of the rents, and the timber claimed to
have been removed therefrom was in large part used in

said improvements. The chancellor has adjudged appellee nothing in that respect, and we see no reason to interfere with his finding.

The judgment is, therefore, affirmed, both upon the original and cross appeal.