## Barker v. Roe.

(Decided Oct. 12, 1937.)

CLYDE L. MILLER for appellant.

THEOBALD & THEOBALD for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

In March, 1928, J. S. Roe filed an action at law against William Barker, and in his petition alleged that he was the owner and in possession of a tract of land in Carter county which was fully described in the petition and that defendant without his consent had entered upon the land and committed certain trespasses and had constructed buildings thereon, etc. He prayed that he recover the damages that had resulted from the trespasses as set forth in the petition and the land.

By answer defendant traversed the allegations of the petition and affirmatively alleged ownership in himself by adverse possession.

By an amended petition, plaintiff asked that his title to the land be quieted and that the cause be transferred to equity. Pursuant to his request, the action was transferred to equity, and after proof had been taken by deposition, the cause was submitted at a regular term of the circuit court and the chancellor took the case under advisement.

On February 15, 1932, and during vacation, judgment was entered adjudging that plaintiff recover of defendant the house and land upon which it stood, which was described in the petition; that plaintiff was the owner of and entitled to possession of the land and buildings thereon; and that his title to same be quieted against any claim of defendant, etc.

At the April term and on the 9th day of April, 1934, the defendant entered a motion to set aside the judgment because at the time it was entered, "the court was

not then in session either regular or special term; nor was there any agreement by which the judgment was to be entered in vacation. And that the said entry°of the purported judgment in this case is void." The cause was submitted upon such motion, and it was adjudged and ordered that the motion be overruled. Defendant is appealing.

Kentucky Statutes, sec. 964b-1, provides:

"That all circuit courts of this Commonwealth, other than those of continuous session, and the judge thereof, may make or direct in vacation or term time at his chambers or at the circuit clerk's office or at any other place in any county in said district, any order, rule, judgment or decree in any proceeding whether at law or in equity or on the criminal docket upon reasonable notice to the parties, except where trial by jury is called for or ordered by the court."

It will be noted that the motion merely recites in substance that there was no agreement for the judgment to be entered in vacation, and it is not alleged or made to appear that appellant did not have notice that judgment would be rendered and entered on the date in question which was during vacation. The statutes provide that in cases except where trial by jury is called for or ordered by the court, judgments may be entered during vacation upon reasonable notice to the parties, and it does not require an agreement of parties before such action may be taken. It is therefore apparent upon the showing made that the court did not err in overruling appellant's motion to set aside the judgment.

Judgment affirmed.