## McAllister v. Dravenstott.

(Decided March 22, 1938.)

THOMAS D. THEOBALD, JR., for appellant.
JESSE K. LEWIS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On May 2, 1931, the appellee, Carrie Dravenstott,

sold and conveyed to Ellen M. Rose 8¾ acres of land in Carter county for $4,000. The purchaser paid $50 in cash, assumed the payment of a $500 note secured by a mortgage on the property, and executed four notes for $500 each, due January 1, 1933, 1934, 1935, and 1936, respectively, and a note for $1,450 due within five years after date and payable in monthly installments of $25, beginning July 2, 1931. A lien was retained in the deed to secure the payment of the notes. Mrs. Rose insured the dwelling house on the land against loss by fire for $2,500 in the Philadelphia Fire & Marine Insurance Company, which later canceled, or undertook to cancel, the policy, and in December, 1931, she took out $2,000 insurance in the Ætna Insurance Company. The house was completely destroyed by fire January 26, 1932. On February 6, 1932, Mrs. Dravenstott brought an equitable action for indemnity against Ellen Rose and Charles Rose, her husband, pursuant to the provisions of section 237 of the Civil Code of Practice. A general order of attachment was issued, and the Philadelphia Fire & Marine Insurance Company and the Ætna Insurance Company were summoned as garnishees. A motion to discharge the attachment was overruled. On August 6, 1932, the defendants executed a bond, pursuant to section 221 of the Civil Code of Practice, to the effect that they would perform the judgment of the court in the action. The appellant, M. D. McAllister, signed this bond as surety. On February 17, 1933, the plaintiff filed a pleading, styled "supplemental petition in equity," in which she alleged that the $500 note due and payable January 1, 1933, had not been paid; that two monthly payments on the $1,450 note were due and unpaid; and that, including interest, the sum of $845.83 was then due, and she prayed judgment for that amount and asked that the attached fund be subjected to its payment. On March 13, 1933, plaintiff tendered an amended supplemental petition setting up a precipitation clause contained in the deed to Ellen M. Rose, alleging that the entire indebtedness, amounting to $3,050, was due and praying judgment for that amount. She asked that the attached funds be subjected to the payment of the debt. For some reason not disclosed by the record, the court overruled plaintiff's motion to file this pleading, and on April 29, 1933, she filed a petition in equity in the Carter circuit court alleging, in substance, the facts

alleged in the amended supplemental petition. She prayed for a judgment against the defendant, Ellen Rose, for the amount of the entire debt, and asked that she be adjudged a lien on the property sold by her to Ellen Rose; that it be sold and the proceeds applied on the debt. On July 3, 1933, that action was consolidated with and made a part of the action filed February 6, 1932. On February 3, 1934, a judgment was entered against Ellen M. Rose in favor of the plaintiff for $3,075, with interest thereon from May 2, 1931, and the land on which the plaintiff had a vendor's lien was ordered sold and the proceeds applied on the debt. The land was sold by the master commissioner for $915, leaving in excess of $2,000 due on the debt. On May 2, 1934, plaintiff filed a motion for judgment against M. D. McAllister on the bond signed by him August 6, 1932. McAllister filed an answer which was traversed of record. The case was submitted on the motion, and on January 3, 1935, in vacation, a judgment was entered against McAllister for $2,000, with interest thereon from August 6, 1932. The judgment was signed by the judge on February 6, 1935. Thereafter, McAllister moved the court to set aside the judgment

"because same is void, premature and erroneous, and because no final judgment has ever been entered against the defendant, Ellen M. Rose, in that the question of costs was reserved by the court and has never been acted on and the liability of this defendant cannot be fixed until all questions are settled between the plaintiff, Carrie Dravenstott, and the defendant, Ellen M. Rose."

This motion was overruled, and McAllister has appealed.

Appellant argues that the action, as originally brought, was one to have the court declare a lien in the plaintiff's favor upon the proceeds of certain insurance policies, and was based on the theory that the vendor's lien attached to the insurance when the property was destroyed by fire; that he executed a bond to satisfy any judgment that might be obtained on the cause of action stated in the original petition, that is, if the court adjudged that the vendor's lien attached to the insurance money, then he would be liable. On the theory that the petition failed to state a cause of action and a demurrer thereto should have been sustained, it

is argued that the bond, which released the insurance money which had been attached, should have been discharged and the appellant relieved of liability thereon. While the petition did contain allegations in regard to the plaintiff's right to have the vendor's lien transferred to the proceeds of the insurance policies, the action was really one under section 237 of the Civil Code of Practice, which provides that under certain conditions an equitable action for indemnity may be brought by a creditor against a debtor before a debt upon a contract becomes due or matures. Section 238 of the Civil Code of Practice provides that in such action an attachment against the property of the defendant may be obtained if the petition shows the existence of any of the grounds specified in subsection 2 of section 237. The petition did specify such grounds, and an order of attachment was asked for. The money in the hands of the insurance company owing to the defendant was attached, and this money was released by the bond signed by the appellant. The bond was executed in conformity with section 221 of the Civil Code of Practice, which reads:

"If the defendant, before judgment, cause a bond to be executed to the plaintiff by one or more sufficient sureties, approved by the court, to the effect that the defendant shall perform the judgment of the court, the attachment shall be discharged, and restitution be made of any property taken under it or of the proceeds thereof."

Appellant argues that, when the second action was consolidated with and made a part of the original action, the cause of action was changed and his liability increased. The petition in the second action, after the action was consolidated with and made a part of the first action, was nothing more than an amendment to the petition in the first action. It contained, in substance, the same allegations as the amended supplemental petition. In her original petition the plaintiff set out all of the notes, and in a supplemental petition alleged that one of the notes was then due. If a plaintiff, having a lien for a debt due and a debt not due upon property which he seeks to subject, state both claims in his petition, he may, upon a suggestion of record, that one of them has become due pendente lite, have judgment for the sale of the property therefor. An amended or supplemental petition is unnecessary.

Civil Code of Practice, sec. 135. Here, the cause of action was not changed, and appellant's liability was not increased or altered. He signed a bond to the effect that the defendant should perform the judgment of the court, and obtained the release of an attached fund in an action for indemnity before the debt became due, but in which, under the Code, a judgment could be entered when the debt matured. If appellant's contention is sound, the sole purpose of the bond would be defeated.

Appellant also insists that, since the question of costs was reserved, there was no final judgment fixing the surety's liability and the judgment against him was premature and void. The amount of costs cannot in any way affect appellant's liability. The principal, Ellen M. Rose, is liable, in any event, for more than $2,000, regardless of how the costs are assessed, and the judgment against appellant was for only $2,000, the amount of insurance money released by the bond executed by him. It may be said in passing, the proof shows that this money was not turned over to Mrs. Rose, but is held by appellant.

It is finally insisted by appellant that his motion to set aside the judgment should have been sustained because the judgment was entered in vacation without notice to him. The case of Barker v. Roe, 270 Ky. 158, 109 S. W. (2d) 395, furnishes a complete answer to this contention. There, as here, it was not made to appear that the appellant did not have notice the judgment would be rendered and entered on the date in question, and it was held that the court did not err in overruling the motion to set aside the judgment.

The judgment is affirmed.