## Cincinnati Finance Co. v. Atkinson's Adm'r et al.

(Decided Dec. 13, 1938.)

BENTON, BENTON, SMITH & LUEDEKE for appellant.

CLYDE L. MILLER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

This is the second appeal of this case. A history of the matters leading up to and involved in the litigation may be found by reference to the opinion on former appeal found in 235 Ky. 582, 31 S. W. (2d) 890. As will be noted from that opinion J. N. Marcum, administrator of G. W. Atkinson, deceased, was claiming 370 shares of the capital stock of the Louisa Water & Improvement Company, hereinafter called the water company, as assets of the estate and Vessie P. Atkinson was claiming that she was the owner, having received 370 shares as a gift from her husband. The lower court adjudged Mrs. Atkinson to be owner of the stock and on appeal the judgment was reversed because the evidence was not sufficient to establish a valid gift from decedent to Mrs. Atkinson.

After the mandate was filed in the lower court the creditors entered motion to refer the case to the master commissioner to ascertain whether or not the administrator had made a settlement or how he had disposed of the estate of his decedent, what money had come into his hands as administrator and whether or not he had the 370 shares of stock; or whether it and the assets of the company had been sold and, if so, what had been done with the proceeds of the 370 shares of stock. The court sustained the motion and referred the cause to the master commissioner for a complete settlement and accounting with the administrator. While the litigation was pending and before the original judgment had been entered the franchise and property of the water company were sold and the net proceeds derived from the sale of the 370 shares of stock in controversy were placed in a bank under a written agreement between the administrator and Vessie P. Atkinson which omitting the signatures reads:

"We agree that $27,750.00, representing the amount of a liquidating dividend declared by Louisa Water & Improvement Company on three hundred and seventy (370) shares of its stock which both of the undersigned claim, shall be placed in the Big Sandy Commercial Bank to the joint credit of the undersigned and subject only to their joint order or the valid order of judgment of some court having jurisdiction with respect to disposition thereof.
"this Dec. * * *, 1927."

After the judgment had been entered and before

the creditors prosecuted the first appeal the administrator permitted the sum placed in the bank under the foregoing agreement to be withdrawn and placed in the account of the water company which was under the control of Vessie P. Atkinson.

After hearing evidence the commissioner filed his report setting out the facts with reference to the sale of the water company and the depositing of the funds in the bank to the joint account of the administrator and found that this sum of $27,750 never came into the hands of J. N. Marcum, as administrator, because when the physical properties of the company were sold the ownership of the shares was in controversy and the administrator was not entitled to receive the liquidating dividends belonging to those shares. He made no finding whether the administrator had been guilty of negligence in not taking or retaining control of the fund stating that as he understood it that question was not before him on the order of reference; that the settlement the administrator made with the county court had been approved and had not been surcharged and therefore its accuracy was not in question. The creditors filed exceptions to the report of the commissioner on the ground that it did not conform to the order of reference and was not in accord with the law and the proof. These exceptions were sustained and the case was resubmitted to the master commissioner for final and complete report. The second report of the commissioner was in all material respects the same in so far as the fund placed in the bank under the agreement between the administrator and Vessie P. Atkinson was concerned. He further reported in substance that there had come into the hands of the administrator from the sale of a diamond ring and an automobile the sums of $475 and $550, respectively, rent Emma Turner, $10, note $131, notes Louisa Sewerage Company, $3000, Wallace note, $54, three shares of the capital stock of the water company of a value of $80 each, $240, it being stated that these three shares seemed to have been the personal property of decedent and should have been charged to the administrator; that the administrator had paid checks to Mrs. Atkinson out of the estate amounting to $698.13, check to Cain & Thompson $1100, check to S. S. Willis, $250, all of these items amounting to $6509.08; that the administrator should be allowed 5 per cent commission on these items amounting to $325.45. He further re-

ported that the best he could gather from the testimony the above items aggregating $6509.08 less the administrator's commission was received and paid out by the administrator but that none of the claims were properly proven as required by law and should be charged to the administrator and for which sums judgment should be entered. He further reported that there was a small lot or parcel of land just out of Louisa belonging to the estate of decedent. The creditors filed exceptions to that part of the second report of the commissioner relating to the fund deposited to the joint credit of the administrator and Vessie P. Atkinson under the foregoing agreement and respecting the proceeds of the sale of the 370 shares of stock.

The administrator also filed exceptions to the second report of the commissioner because (1) it charged him with an item of $3000 on account of the Louisa Sewerage System notes as collected by him as administrator when the proof showed that no such item came into his hands as administrator but that these notes were the property of the water company and were transferred by Mrs. Atkinson to J. N. Marcum in settlement for services for the company (2) because the charge of $698.15 check paid to Mrs. Atkinson out of the estate, there being no proof to sustain such charge; (3) because the charge of $1100 paid to the law firm of Cain & Thompson for legal services; that this sum was paid out of the water company's funds by Mrs. Atkinson and not out of the estate; (4) that the $250 paid to S. S. Willis for attorney's fees was paid out of the water company's fund by Mrs. Atkinson; (5) because the report charged him with three shares of stock in the water company when there was no proof that he got the three shares or any liquidating dividend for them; and (6) because the report showed that he had collected $6509.08 in reducing the assets of the estate to money when the evidence showed that the only fund coming into his hands was from the sale of a diamond ring, $475, sale of an automobile, $550, Wallace note, $54; Turner note, $131.95; garage rent, $10, making a total of $1220.95 which came into his hands as administrator and because the report allowed him no credit for disbursements which he had made as follows: $300 cash paid to the widow to make up her exemption of $750, the appraiser having allowed her personal property of a value of $450; Howerton Undertaking Company, funeral ex-

penses $750.40; A. Snyder, hearse in connection with the funeral, $10; Hesler-Harfield hospital for use of room in connection with funeral, $5; taxes, $14.60, and $7.50; W. T. Cain, expenses of trip in connection with settlement of estate, $6.75; administrator's expenses on same trip, $34.95; premium on bond, $60, making a total of $1227.18; that such claims against the estate of decedent were not required to be proven under section 3870, Kentucky Statutes.

On final hearing the court sustained the exceptions filed by J. N. Marcum, as administrator, and overruled the exceptions of the creditors to the report and adjudged that the counterclaim of the creditors against J. N. Marcum, as administrator, seeking to impose liability upon him for the funds released as liquidating dividends on the 370 shares of stock in the company be dismissed and further adjudged that the administrator had accounted for all funds coming into his hands as such; that the small lot referred to in evidence be sold and the proceeds thereof distributed to the creditors. The creditors are appealing from so much of the judgment as denied them recovery against J. N. Marcum and adjudging that he had accounted for all funds that came into his hands as administrator.

The fund representing the liquidating dividend on the 370 shares of stock which was placed to the joint account of the administrator and Vessie P. Atkinson, the widow, is the chief bone of contention and it is argued by counsel that it was the duty of the administrator to protect and preserve this fund for the estate, and that he, through fraud and negligence, failed to fulfill his duty. There is considerable controversy concerning the time when the original judgment was entered. As appears from the record it was entered on the 15th day of October and before the close of the regular term of the court, but the evidence indicates that the judgment was in fact prepared and sent to the clerk after the term had closed with directions from the judge to enter it as of the last day of the term. However, the evidence conclusively shows that the judgment had been entered before the administrator surrendered control of the fund placed in the bank to the credit of himself and Vessie P. Atkinson.

Counsel for appellant cite authorities to the effect that an administrator must act in good faith and use

such diligence in the preservation of an estate for the benefit of creditors or others entitled thereto as an ordinarily prudent person would use in his personal affairs. The evidence shows that immediately after the entry of the judgment Mrs. Atkinson begun making demands upon him to release the funds placed in the bank to their joint credit and had an attorney take up the matter with him. The attorney for the creditors of the estate insisted that the administrator should prosecute an appeal from the original judgment but this the administrator refused to do, giving as a ground for his refusal that he had no funds in his hands with which to pay for copying the record and prosecuting the appeal or to pay an attorney for services in connection with the appeal. The administrator testified that he repeatedly told the attorney for the creditors that he would have to comply with the demands of Mrs. Atkinson unless the judgment was superseded; that upon failure of the creditors to supersede the judgment he finally joined with Mrs. Atkinson in having the fund turned into the account of the water company since Mrs. Atkinson had been adjudged the owner of the 370 shares of stock; that judgment had not been superseded nor appealed from nor steps taken to set it aside. The attorney for the creditors merely requested the administrator to appeal from the judgment but did not indicate to him that the judgment for any reason was void. Aside from Mrs. Atkinson the only parties interested in or that could profit from the preservation of this fund were the creditors and the evidence discloses that the administrator gave them ample opportunity to protect themselves but for some reason they refrained from incurring any liability by reason of the execution of a supersedeas bond, but insisted that the administrator should incur the liability. In such circumstances we would not feel authorized to disturb the findings of the chancellor with respect to the proceeds of the 370 shares of stock. In passing, however, and concerning the contention of appellants that the administrator released the fund under a judgment that was void because entered in vacation, it may be said that the creditors appealed from that judgment without taking and prosecuting to final determination steps to have the judgment set aside and in the circumstances shown they certainly are in no position to now raise the question. Furthermore, there is not proper showing that appellant did not have knowl-

edge that the judgment would be entered in vacation. See Barker v. Roe, 270 Ky. 158, 109 S. W. (2d) 395. There is evidence to support the order and judgment sustaining appellee's exceptions to the second report made by the commissioner. There is likewise evidence to show that the sixth exception of the administrator to the report clearly sets forth the source and amount of receipts that came into his hands as administrator and the sums for purpose for which they were disbursed; that the other items with which he was charged except three shares of the stock in water company were in fact assets of the water company or sums paid out of funds in the water company to attorneys. While the administrator testified positively that neither the three shares of stock nor any proceeds from them came into his hands as administrator, the evidence raises some doubt concerning the matter.

It is a rule of fixed application that the appellate court will not disturb the judgment or finding of the chancellor which is supported by the weight of the evidence or where the evidence to the contrary does nothing more than raise a doubt concerning its correctness. Hite's Adm'r v. Hite's Ex'r, 265 Ky. 786, 97 S. W. (2d) 811; Davis v. Carico, 267 Ky. 334, 102 S. W. (2d) 8. The evidence in this case is such as to call for application of that rule. However, we might add that appellant is not without remedy as against Mrs. Atkinson.

Judgment affirmed.