**HOSPELHORN v. CIRCLE CITY COAL CO.**
No. 8463.

Circuit Court of Appeals, Sixth Circuit.
Jan. 17, 1941.

· Frank M. Drake, of Louisville, Ky.
(George W. Norton, Jr., Hubert T. Willis,

F. M. Drake, and Crawford, Middleton, Milner & Seelbach, all of Louisville, Ky., on the brief), for appellants.

Earle M. Nichols, of Madisonville, Ky., (Earle M. Nichols and Abner Johnston, Jr., both of Madisonville, Ky., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a judgment in favor of Circle City Coal Company, an intervening petitioner in a receivership action instituted against the Norton Coal Company. Appellee in 1927 leased certain coal properties to the Nebo Coal Company. The lease was for a period of twenty years, and by its terms the lessee agreed to mine the upper stratum of coal by the strip method, and to pay the lessor as royalty ten cents per ton for each ton so mined, and to pay on the strip coal a minimum royalty on 100,000 tons per year, whether or not the coal was actually mined.

The lessee further agreed to open on the premises a shaft or shafts for the removal of the coal in the deeper strata, and to pay lessor a royalty of five cents on each ton so mined. It agreed to put the deep mine into operation on or before January 1, 1929, and to produce from this mine during 1929 at least 30,000 tons of coal, during 1930 at least 60,000 tons, during 1931 at least 100,-000 tons, and a like amount during each succeeding year until the expiration of the lease, and to pay five cents per ton royalty on this minimum tonnage, whether or not actually mined. Nebo Coal Company arranged that the Norton Coal Mining Company should mine the coal, which it did until April, 1929, when it ceased all mining operations on these premises. Nebo thereafter mined the strip coal until August, 1929, when it ceased all operations, and no coal was mined thereafter. While certain preliminary plans, including exploratory drilling, were made for the deep mining contemplated by the lease, no shaft was ever sunk and no underground operation was undertaken. Circle City at no time entered the premises nor exerted any act of dominion with reference thereto.

When operations were terminated by the lessee in August, 1929, certain royalties were owed on the strip coal theretofore mined. On January 15, 1930, Circle City filed an action in the state court against Nebo and Norton, to recover the royalties thus due and to enforce the lien given under the lease on all of the lessee's mining equipment and on the lease itself. In this action a minimum royalty of $3,000 was claimed on the deep mine operation for 1929, but on motion of appellants this claim was stricken out as premature on the ground that the liability did not accrue under the lease until January 25, 1930. Judgment in favor of Circle City for $14,248.22, for royalties on the strip coal, was entered in this action, and a lien was adjudged on the personal property of Nebo on the premises, and upon the lease itself. The property was sold at judicial sale, and the lease was purchased by a stockholder of Circle City and by him assigned back to Circle City. The judgment in the state court was affirmed by the Court of Appeals of Kentucky as against Norton, on the ground that Nebo and Norton were jointly engaged in operating the lease, and were jointly liable. Norton Coal Mining Co. v. Circle City Coal Co., 249 Ky. 377, 60 S.W.2d 955.

In 1933 Norton was thrown into the instant receivership, and in this proceeding certain bar orders were issued by the court, the final of which orders forever barred all claims not presented and adjudicated before July 7, 1936, in the receivership proceedings. Prior to the receivership, at some time not shown in the record, Norton had acquired all of the capital stock of Nebo. No claim was asserted by Norton against the assets of Nebo, based on its ownership of Nebo stock, until June 20, 1936, when the receivers of Norton filed a petition alleging that Nebo was a subsidiary of Norton, and praying that its assets be ordered sold as part of the assets of Norton. September 12, 1936, the court entered a final order adjudging Nebo to be a subsidiary of Norton, and its assets to be assets of Norton. The creditors of Nebo had received no notice, actual or constructive, of the pendency of the proceedings against Norton. On October 10, 1936, Circle City Coal Company, by leave of court, filed an intervening petition, under which it sought to subject the proceeds of the assets of Nebo to the debt which it claims is owed for the minimum royalty on the operation of the deep mine agreed to be sunk by Nebo on the premises demised. Judgment was rendered in behalf of Circle City for the amount of royalty, with interest, as prayed in its intervening petition, and the instant appeal is prosecuted from this judgment.

Appellants contend that the judgment must be reversed upon the ground that the

intervening petition, filed on October 9, 1936, was barred (1) by the bar orders of the court, and particularly by the final order barring claims not adjudicated before July 7, 1936; (2) by laches of appellee, and (3) by appellee's acquiescence and consent to the abandonment of the lease. It also urges that appellee, by filing suit in the state court asserting its lien and seeking enforcement by sale of the lease and equipment, made it impossible for the lessee to perform, and hence cannot recover. Finally, it urges that by suing and recovering in the state court for the royalties due from the strip mining, without including its claim for the underground royalties, appellee' has split the cause of action and is precluded from bringing the instant suit.

We think the judgment of the District Court must be affirmed.

■ The bar orders in the receivership proceeding, including the final bar order, ran against the creditors of Norton. Circle City was a creditor of Nebo. The creditors of Nebo had no notice of the receivership proceedings against Norton and were not bound by the bar orders. They could not thereby be precluded from asserting their claim against Nebo, after Norton claimed title to the properties of Nebo, and the District Court authorized conveyance of such properties as assets of Norton. Since this order was not made until after the date set by the final bar order, Circle City is not precluded from asserting its claim.

■■ While appellee delayed from 1929 to 1936 in bringing this action for the underground royalties, the suit was filed within the statutory period (Kentucky Statutes, § 2514), and within a month after the order subjecting the assets. It is not shown that the rights of third persons were prejudiced, nor that Norton has changed its position to its hurt because of the delay. Mere procrastination does not constitute laches. The delay must in some way work an injury in order to constitute a bar to the action. Richardson's Adm'r v. Morgan, 233 Ky. 540, 26 S.W.2d 32; Medley v. Johnson, 200 Ky. 689, 255 S.W. 532; Citizens' Trust & Guaranty Co. v. Peebles Paving Brick Co., 174 Ky. 439, 192 S.W. 508.

■ On the point of acquiescence, it is sufficient to say that the record presents no evidence of consent by Circle City to the abandonment of the operation.

The contention that Circle City made it impossible for Norton to perform is based upon the rule of the Kentucky courts that a lessor cannot sue for cancellation of a lease, and also recover royalties under the lease, due after the filing of the petition. Wender Blue Gem Coal Co. v. Louisville Property Co., 137 Ky. 339, 125 S.W. 732. But this case is not applicable here. Circle City at no time during this controversy applied for the cancellation of the lease. In fact in its petition in the state court it averred that the lessee had sought to cancel the lease but that Circle City had declined to do so, and this averment is not contradicted in the record.

In addition, the chronology of the case shows that the action of Circle City in suing for royalties on the strip mining, and applying for enforcement of its lien, could not have made it impossible for the lessee to perform. The agreed stipulation of facts shows that in August, 1929, Nebo completely abandoned the operation. The state court suit was not filed until January, 1930, and obviously had no effect in inducing the abandonment.

■ Whether the filing of the action for the strip royalties in the state court precludes the allowance of the instant claim depends upon whether the two claims are divisible. This contention is based upon the familiar rule that the plaintiff can sue once; but he must then set up his whole cause of action. He cannot sue in successive actions for a different part of the same thing. Dils v. Justice, 137 Ky. 822, 127 S.W. 472; Pond Creek Coal Co. v. Day, 187 Ky. 820, 220 S.W. 1053. However separate independent agreements may be included under one contract. Koppers Co. v. Asher Coal Mining Co., 226 Ky. 492, 11 S.W.2d 114. And if they are divisible, suit upon one agreement does not preclude suit upon the other. Here the lease provides that Nebo shall do two things: (1) begin at once to mine the strip coal and to pay royalty of ten cents per ton; (2) construct an underground mine by January 1, 1929, mine the deep coal, and pay royalty of five cents per ton. The time of performance, the money consideration, and the acts to be done are distinct and separate. The fact that under the Kentucky Code a supplemental pleading might have been filed in the state case (Kentucky Civil Code of Practice, § 135) for the installments which fell due after filing the suit but prior to hearing, does not affect the question. The appellee was under no obligation to file such a petition and include the two claims in one action. Cf. Carter-Crume Co. v. Peurrung, 6 Cir.,

99 F. 888; McAllister v. Dravenstott, 273 Ky. 239, 115 S.W.2d 1041. The predominant character of the contract is that it contains two distinct agreements, each capable of separate execution. As stated in Koppers Co. v. Asher Mining Co., supra, the usual test of severability is whether the consideration is so segregated that it may be severally applied to each independent covenant in the contract. Cf. Dorsey v. Clarke, 223 Ky. 619, 4 S.W.2d 748. Under these decisions, the lease does embrace distinct subjects which admit of separate enforcement, and therefore the filing of the action in the state court does not preclude prosecution of the instant action.

The judgment is affirmed.