UNITED STATES v. THOMAS.
Civ. A. No. 2023.

United States District Court
W. D. Kentucky, at Louisville.
June 23, 1953.

Paul Marshall, Dominic Cimino, and Winfield Worline, Cleveland, Ohio, for plaintiff.

Fred J. Karem and Karem & Karem, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This suit was filed December 4, 1950 by the United States against defendant, Peter G. Thomas.

It is alleged that the defendant is the landlord of housing accommodations designated as 748 Zeigler, Louisville, Kentucky; that from April 29, 1949, to August 29, 1949, the defendant, as landlord, received rent from his tenant T. E. Dillehay at the rate of $65 per month; that on March 9, 1950, the Area Rent Director, by executive order, reduced the rent on the premises from $65 per month to $42 per month, effective April 1, 1949; that within the period from April 29, 1949 to August 29, 1949, defendant had received in overcharges $92, which he had failed and refused to refund to the tenant after the order of reduction on March 9, 1950; that the tenant having failed for thirty days after the effective date of the order to sue for the alleged overcharge, the United States filed this action, seeking an injunction and restoration to the tenant Dillehay in the sum of $92, and judgment in favor of the United States for $184.

The defendant interposed a plea of res judicata by which it appears that seventeen days less than six months prior to the filing of this action, the United States filed Civil Action No. 1948, involving the same premises alleged to have been rented to a tenant—W. L. Williams—within the period from September 9, 1949 to March 9, 1950, at a rental of $60 per month, in which action a judgment was rendered on January 5, 1951 for $108, that amount being single the overcharge collected by the defendant within the period.

The action was based upon the Area Rent Director's order reducing the rent and or-dering a refund of the overcharge from the effective date specified in the order of April 1, 1949.

In that action, on July 2, 1951, a rule was issued against the defendant to show cause why he should not be ruled in contempt of Court because of his failure to pay a specified judgment of $108 rendered on January 5, 1951.

Therefore, the question is whether or not the Government may split its causes of action involving a single defendant as landlord of the same premises for consecutive periods of rental to two tenants.

It appears that the first suit—No. 1948—involved a period of rental and collection of overcharges subsequent to that involved in the present action.

The Court is of opinion that this would be splitting of causes of action in violation of the wholesome doctrine of res judicata. See Baltimore Trust Company v. Norton Coal Company, D.C.W.D.Ky., 25 F.Supp. 968, 973; Rodman v. Rogers, 6 Cir., 109 F. 2d 520, 522; Hospelhorn v. Circle City Coal Company, 6 Cir., 117 F.2d 166, 168; Baltimore Steamship Company v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

The defendant's motion to abate the present action on his plea of res judicata is sustained and an order to that effect is this day entered.